628 So.2d 501 (1993)
Ex parte UNITED SERVICE STATIONS, INC.
(Re Loan NHAM
v.
UNITED SERVICE STATIONS, INC.)
1921175.
Supreme Court of Alabama.
September 24, 1993.
*502 Jack B. Hinton, Jr. of Rushton, Stakely, Johnston & Garrett, Montgomery, for petitioner.
Charles H. Morris III, Selma, for respondent.
Jack Drake of Drake & Pierce, Tuscaloosa, for amicus curiae Alabama Trial Lawyers Ass'n.
HORNSBY, Chief Justice.
The defendant, United Service Stations, Inc. ("United Service"), petitioned this Court for a writ of mandamus directing Judge Eugene W. Reese, of the Montgomery Circuit Court, to grant its motion to compel discovery of plaintiff Loan Nham's psychological records and to allow the deposition of her *503 former psychologist. For the reasons discussed below, the writ is denied.
Loan Nham was a commercial tenant of United Service and operated a retail store on the leased premises. In April 1989, the ceiling of the restroom in the store collapsed on top of Nham, injuring her neck, shoulders, and back. Nham sued United Service and others in April 1991, alleging negligence and claiming physical and mental injury.
After receiving treatment for her injuries, Nham continued to suffer severe pain in her head and neck that physical therapy and prescription medication did not fully alleviate. In November 1992 she was referred to the Kirkland Clinic at the University of Alabama at Birmingham. The Kirkland Clinic specializes in "pain management." At the clinic, patient evaluation and treatment are performed by a team of doctors, including a psychologist.
Nham's attorney initially named Dr. Frank Brotherton, her Kirkland Clinic psychologist, on his witness list and had noticed Dr. Brotherton for deposition. However, these actions by Nham's attorney occurred before Nham invoked the psychotherapist[1]-patient privilege of Ala.Code 1975, § 34-26-2, in relation to Dr. Brotherton. Once Nham raised the privilege, her attorney canceled the deposition of Dr. Brotherton and amended the witness list to replace Dr. Brotherton with Dr. Tazewell Jones, the psychologist currently treating Nham. There is no indication from the material before us that Dr. Brotherton will be used as a witness by Nham, and this opinion proceeds on that basis. United Service filed a motion to compel discovery of Nham's complete psychological records from Kirkland Clinic[2] and to depose Dr. Brotherton, the clinic psychologist who had been assigned to Nham's case.
Nham objected to United Service's motion to compel discovery and formally claimed the protection of the statutory psychotherapistpatient privilege. The trial court denied United Service's motion to compel and its "motion for reconsideration," ruling that Nham had not waived the psychotherapistpatient privilege. United Service responded by filing this petition for a writ of mandamus.
Mandamus is a drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. Ex parte AmSouth Bank, N.A., 589 So.2d 715 (Ala.1991); Ex parte Day, 584 So.2d 493 (Ala.1991). At issue here is whether United Service has a "clear legal right" to discovery of Nham's psychological records and to depose Dr. Brotherton in the face of Nham's assertion of the psychotherapist-patient privilege.
Although Alabama law does not recognize a physician-patient privilege of confidentiality, the legislature has adopted a psychotherapist-patient privilege. Section 34-26-2, Ala. Code 1975, states:
"[T]he confidential relations and communications between licensed psychologists and licensed psychiatrists and clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
(Emphasis added.)
This privilege provides a patient the right to refuse to disclose, and to prevent others from disclosing, confidential communications between the patient and psychotherapist made for the purposes of diagnosis or treatment of the patient's mental condition, and it encompasses notes or records made by the psychotherapist. Ex parte Rudder, 507 So.2d 411 (Ala.1987). United Service contends that either: 1) the psychotherapistpatient privilege does not exist in the context of an action where the complaint seeks damages for mental pain and anguish or 2) that *504 even if the privilege exists, Nham has waived the privilege. We will address these arguments in turn.

I. Application of the Privilege
Some jurisdictions adopting a statutory psychotherapist-patient privilege have provided a list of exceptions from the privilege, such as where a patient relies on his mental condition as an element of a claim or defense in a civil proceeding; however, the Alabama legislature did not limit the privilege with specific exceptions. Compare, e.g., Cal.Evidence Code § 1010 et seq. (West 1966); Fla.Stat.Ann. § 90.503 (West 1979); Mass.Ann.Laws ch. 112, § 135A (Law.Co-op. 1991); Tenn.Code Ann. § 24-1-207 (1992 Supp.) (psychiatrist only); Va.Code § 8.01-400.2 (Michie 1992). The Alabama psychotherapist-patient privilege, however, is subject to certain judicially created exceptions. This Court has recognized an exception to the privilege where, in a child custody matter, the mental state of one of the parents is at issue and a proper resolution of child custody requires disclosure of otherwise privileged psychiatric records. Harbin v. Harbin, 495 So.2d 72 (Ala.1986). Further, the psychotherapist-patient privilege is unavailable in a criminal trial where the defendant raises the defense of insanity. Free v. State, 455 So.2d 137 (Ala.Crim.App.1984); Magwood v. State, 426 So.2d 918 (Ala.Crim.App.), aff'd, 426 So.2d 929 (Ala.1982), cert. denied, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983).
The strength of the public policy on which the statutory psychotherapist-patient privilege is based has been well recognized by this Court. It follows that the privilege is not easily outweighed by competing interests.
"Statutes such as § 34-26-2 are intended to inspire confidence in the patient and encourage him in making a full disclosure to the physician as to his symptoms and condition, by preventing the physician from making public information that would result in humiliation, embarrassment, or disgrace to the patient, and are thus designed to promote the efficacy of the physician's advice or treatment. The exclusion of the evidence rests in the public policy and is for the general interest of the community."
Ex parte Rudder, supra, at 413. In Rudder, where the defendant sought discovery of the plaintiff's psychiatric records in order to defend a claim of defamation, First Amendment free speech rights were not applicable because the psychotherapist-patient privilege made the information unavailable to the public. Id., at 416-17.
There is no implication in the language of § 34-26-2 that the legislature intended an exception to the privilege where the issue of a party's mental condition is raised in a civil proceeding. Given the first rule of statutory construction, that where the meaning of the plain language of the statute is clear, it must be construed according to the plain language, see, e.g., King v. National Spa & Pool Inst., 607 So.2d 1241, 1246 (Ala.1992), this Court will not create such an exception. Moreover, such an exception would conflict with the public policy underlying the psychotherapist-patient privilege noted above.
The Supreme Court of Georgia has recognized a strong psychotherapist-patient privilege where its legislature made the privilege equivalent to the attorney-client privilege. That court, construing a statute substantially identical to § 34-26-2, has held that the psychiatrist-patient privilege applies even when a party who claims it is "seeking to recover damages for injuries of a mental and emotional nature." Bobo v. State, 256 Ga. 357, 349 S.E.2d 690, 692 (1986), citing Wilson v. Bonner, 166 Ga.App. 9, 303 S.E.2d 134 (1983). See Ga.Code Ann. §§ 24-9-21(5), 43-39-16 (Michie 1991). By the same logic, we hold that the psychotherapist-patient privilege of Ala.Code 1975, § 34-26-2, does apply in the context of the issues raised by this petition.

II. Waiver
United Service also contends that Nham has impliedly waived the protection of the psychotherapist-patient privilege relating to the Kirkland Clinic records and deposition of Dr. Brotherton by raising the issue of psychological pain; by her attorney's deposition *505 questioning of Dr. McDanal, the director of the Kirkland Clinic, on the psychological element of pain; by her attorney's attaching Nham's then current clinic records as an exhibit to the deposition; by Nham's failure to raise the privilege earlier in the discovery process; and by her employment of a second psychologist, Dr. Jones, whom she has named as a witness for trial.
The Alabama legislature placed the protection to be provided by the psychotherapist-patient privilege on the same level as the protection provided by the attorneyclient privilege. § 34-26-2. Accordingly, like the attorney-client privilege on which it was modeled, the psychotherapist-patient privilege is personal to the patient, and only the patient may waive it. Watson v. State, 504 So.2d 339 (Ala.1986). See Swain v. Terry, 454 So.2d 948 (Ala.1984). In order to impliedly waive a testimonial privilege, the holder of the privilege must objectively manifest a clear intent not to rely upon the privilege. Jordan v. State, 607 So.2d 333, 336 (Ala.Crim.App.1992).
In Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357 (Ala.1989), this Court ruled that there was not sufficient evidence of intent to waive the attorneyclient privilege where, in an action based upon an insurer's denial of coverage, the insurer responded with the argument that it had sought the advice of legal counsel regarding the coverage decision. In Great American, even though the petitioner argued that there had been a partial disclosure of the contents of the letter by the insurer's statement that its denial of coverage was based in part on the attorney's "opinion letter," we ruled that the partial disclosure by the insurer was insufficient to waive the attorney-client privilege. Great American, supra, at 1359. Similarly, the record before us in this case shows no evidence of an intent to waive Nham's psychotherapist-patient privilege.
The general inquiry into the psychological aspects of pain realization, made by Nham's attorney to Dr. McDanal, an anesthesiologist and director of the Kirkland Clinic, is insufficient to support a finding of a waiver of the psychotherapist-patient privilege relating to Dr. Brotherton. We have already noted that the privilege will not be impliedly waived simply by a patient's seeking damages for injuries relating to a mental or emotional condition.
When Nham's attorney attached Kirkland Clinic's initial records as a deposition exhibit to Dr. McDanal's deposition, that act waived the privilege as to any information contained in those records; however, that act did not manifest a clear intent by Nham to waive the privilege in relation to later records of evaluation and treatment or in relation to the defense's proposed deposition of Dr. Brotherton, the clinic psychologist, regarding Nham's case. The records disclosed contain only two entries relating to Nham's mental condition made by Dr. Brotherton, and both involve only the clinic's initial evaluation. They contain no information relating to Dr. Brotherton's thoughts or impressions regarding his continued psychological treatment of Nham. Further, Nham's failure to raise the privilege in relation to United Service's discovery from non-psychotherapist physicians could not constitute a waiver, because the privilege was not applicable to those physicians.
Finally, the use of Dr. Jones, Nham's present psychiatrist, as a trial witness will serve as a waiver of the privilege in relation to his testimony. However, it does not serve as a waiver of the privilege in relation to the complete Kirkland Clinic records[3] or in relation to Dr. Brotherton. This Court has ruled that where the attorney-client privilege is waived as to one attorney, it will be deemed waived in relation to other attorneys from the same law firm. Swain, supra. The facts of this case are not analogous to those of Swain, because Dr. Jones is not employed by the Kirkland Clinic, where Dr. Brotherton saw Nham. Further, because Nham consulted the Kirkland Clinic and Dr. Brotherton more than a year and a half after she had *506 sued, and because the consultation was directly related to the injury that is the basis of her action, an analogy can be drawn to the exception from discovery for experts retained, but not to be used at trial. Rule 26(b)(4), A.R.Civ.P.
Because the record indicates that Nham has not waived the protection of the psychotherapist-patient privilege, United Service has no "clear legal right" to the discovery sought. Accordingly, United Service's petition for the writ of mandamus is denied.
WRIT DENIED.
MADDOX, ALMON, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I joined Chief Justice Torbert's dissent in Ex parte Rudder, 507 So.2d 411, 417-20 (Ala. 1987), because I felt that the psychiatristpatient privilege as applied in Ex parte Rudder conflicted with the defendants' First Amendment rights of freedom of speech and freedom of the press and that the defendants' constitutional rights outweighed the statutory privilege. No such constitutional issue is presented in the case at issue.
Mandamus is an extraordinary writ, to be issued only when the petitioner has a clear legal right to the order sought, Ex parte Day, 584 So.2d 493 (Ala.1991), which has been previously recognized by this Court as appropriate for mandamus review; Ex parte Spears, 621 So.2d 1255 (Ala.1993); or where the right of the parties cannot be adequately protected by appellate review of a final judgment. Ex parte Spears, supra. I find neither in this case. If Loan Nham continues to seek damages for mental pain and anguish and to insist on her psychotherapist-patient privilege of confidentiality (Ala.Code 1975, § 34-26-2), the trial court, in this civil case, should permit the defendant to argue to the jury the inconsistency in the plaintiff's claiming such damages while insisting on the privilege (Colquitt, Alabama Law of Evidence § 513, at 193 (1990)); and there is a presumption that the jury will do its job as finder of the facts.
NOTES
[1] The Court's use of the term "psychotherapist" in the context of this case is limited to licensed psychologists and licensed psychiatrists.
[2] Nham's initial Kirkland Clinic records from November 6, 1992, to January 29, 1993 were attached as an exhibit to Nham's deposition of Dr. Judy McDanal, an anesthesiologist and director of the clinic.
[3] The complete Kirkland Clinic records had not even been made available by Nham to Dr. Jones at the time of his deposition.