HOUSTON, Justice
(dissenting).
The State of Alabama, as the plaintiff in a civil action, moved the trial court to temporarily stay pretrial discovery by the defendant, Leroy Hill. The trial court granted the State’s motion. Hill petitioned this Court for a writ of mandamus ordering the trial court to lift the temporary stay, and a majority of this Court has granted his petition.
*534 “The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse.” Ex parte Thomas, 628 So.2d 488, 485 (Ala.1993). A petition for a writ of mandamus is a method by which a party disappointed by a trial judge’s ruling on a discovery matter can seek redress, but a writ of mandamus, being a drastic and extraordinary remedy, will be issued only if the petitioner can demonstrate “a clear legal right”[1] to the relief sought. The relief sought here is immediate discovery in the civil action.
In Ex parte Coastal Training Institute, 583 So.2d 979, 981 (Ala.1991), this Court noted that a trial judge, in deciding whether to grant a motion to stay civil proceedings, must weigh the movant’s interest “in postponing the civil action against the prejudice that might result to [the other party] because of the delay.” The State makes two arguments in support of its contention that the trial court did not abuse its discretion in temporarily staying discovery in the civil action against Hill. First, the State argues that it would be unfair to allow Hill to seek discovery from the State while he refuses to comply with any State discovery requests. Because of Hill’s pending federal criminal prosecution, he is constitutionally entitled to assert his Fifth Amendment right against self-incrimination if the State attempts discovery from him before the conclusion of his criminal prosecution. Second, the State argues that Hill is attempting to circumvent the limits placed on discovery by the Federal Rules of Criminal Procedure by obtaining otherwise unobtainable discovery through discovery requests made in a civil action that parallels his federal criminal prosecution.[2]
Without specifically addressing the State’s second argument, I am forced to conclude that the trial judge did not abuse his discretion in temporarily staying discovery in the civil action. The prejudice and unfairness to the State inherent in its being subjected to one-sided discovery by Hill is obvious. Furthermore, the only alleged prejudice that Hill can demonstrate from the temporary stay is prejudice to his defense of the federal criminal charges because of his inability to obtain the requested discovery and thereby evade the limits placed on discovery in criminal proceedings by the Federal Rules of Criminal Procedure.[3] In order to outweigh the interest of the State in staying discovery, however, Hill must be able to demonstrate some prejudice to his defense of the civil action. See Ex parte Coastal Training Institute, supra. Given the absence of any demonstrable evidence that the issuance of the temporary stay prejudiced Hill in the civil action, I cannot see how the majority can hold that the trial judge abused his discretion in temporarily staying the discovery.
The majority’s reliance on United States v. Swissco Properties, 821 F.Supp. 1472 (S.D.Fla.1993), and United States v. All Right, Title and Interest in Real Property and Buildings Known as 228 Blair Avenue, Bronx, New York, 821 F.Supp. 893 (S.D.N.Y.1993), to buttress its holding that the trial judge abused his discretion is misplaced. Both of those cases involve civil forfeitures. Hill’s case does not involve a civil forfeiture. There are obvious constitutional problems in granting long delays in forfeiture proceedings in which a complainant’s property has been either seized or rendered useless.
As Justice Kennedy correctly pointed out in Ex parte Thomas, supra, “to justify issuance of [a writ of mandamus], there must be a dear showing of injury to the petitioner.” 628 So.2d at 485 (emphasis added). Hill has *535 failed to make any showing, much less a clear showing, that he was injured as a result of the trial judge’s issuance of an order temporarily staying discovery. The fact that the stay order foils Hill’s attempt to evade the limits on discovery set by the Federal Rules of Criminal Procedure is not a cognizable injury. No party to a civil action has a right to use the discovery provisions of the Alabama Rules of Civil Procedure for any purpose other than the furtherance of the party’s civil action.
Therefore, because Hill had no “clear legal right” to proceed with discovery in the civil action before the trial of the federal criminal charges against him, I am forced to conclude that Hill’s petition for the writ of mandamus should be denied.
MADDOX, J., concurs.

. This is the first element of the long-established four-part mandamus test cited by the majority. See Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993).

. Although in the criminal proceeding against Hill the State of Alabama is not the prosecuting authority, the State does have an interest in seeing that Hill is convicted of the federal charges. Not only would the State, as a victim of a crime, have an interest in any possible restitution, but the State's own civil action against Hill would be furthered by the criminal conviction in that the newly effective Alabama Rules of Evidence provide that such a conviction may be admissible against Hill in the civil fraud case. See Ala.R.Evid., Rule 803(22).

.No one has argued that the Federal Rules of Criminal Procedure do not in the federal criminal case provide Hill with all the process he is due under the United States Constitution and the Alabama Constitution.