768 So.2d 960 (2000)
Ex parte RITE AID OF ALABAMA, INC.
(In re Jon H. Deal and Charlotte D. Newman, as executors of the estate of Jewell D. Deal, deceased v. Rite Aid of Alabama, Inc.)
1981998.
Supreme Court of Alabama.
April 7, 2000.
T. Kent Garrett and William H. Webster of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for petitioner.
*961 Jere L. Beasley and Julia A. Beasley of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, for respondents.
LYONS, Justice.
Rite Aid of Alabama, Inc. ("Rite Aid"), a corporation that operates pharmacies across Alabama, is a defendant in a wrongful-death action pending in the Montgomery Circuit Court. The plaintiffs in that action are Jon H. Deal and Charlotte D. Newman, executors of the estate of Jewell D. Deal, deceased. Rite Aid petitions for a writ of mandamus directing Judge Sarah M. Greenhaw to vacate her order directing Rite Aid to answer discovery requests presented by the plaintiffs concerning evidence of other incidents or acts related to the incident or act that is the basis of the pending wrongful-death action. We grant the petition.
The plaintiffs allege that Rite Aid wrongfully caused the death of Jewel D. Deal by negligently filling for her a prescription that called for 50-milligram tablets of the drug Lopressor. The plaintiffs allege that Rite Aid's pharmacy gave Mrs. Deal 100-milligram tablets. The plaintiffs also allege that Rite Aid had negligently trained and supervised the pharmacist who improperly filled Mrs. Deal's prescription.
Through the discovery process, the plaintiffs requested information concerning "other incidents" involving injuries to Rite Aid customers resulting from incorrectly filled prescriptions. Rite Aid objected to the requests, asserting that it was within the definition of "health care provider" appearing at § 6-5-542(1), Ala.Code 1975a portion of the Alabama Medical Liability Act ("AMLA")and, therefore, that the plaintiffs were "prohibited from conducting discovery with regard to any other act or omission," by § 6-5-551. The plaintiffs moved to compel discovery and served on Rite Aid interrogatories and a request for production, to which interrogatories and request Rite Aid objected. The trial court granted the plaintiffs' motion to compel production; Rite Aid then filed a "Motion for Hearing for Purposes of Reconsidering Order Compelling Discovery," a motion for a protective order, and a brief in support of the motion for a protective order. After conducting a hearing on the issue, the trial court determined that Rite Aid, as the operator of a pharmacy, did not fall within the term "other health care providers," as that term is defined in § 6-5-481(8), Ala.Code 1975, and, thus, that Rite Aid was not entitled to the § 6-5-551 protections against discovery of "any other act or omission."
The sole issue before us is whether the operator of a pharmacy is an "other health care provider" within the meaning of § 6-5-481(8), a portion of the AMLA, and, therefore, entitled to the protections afforded by the AMLA's prohibitions against discovery of evidence of "other act[s] or omission[s]."
A writ of mandamus will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A mandamus petition is the proper means of reviewing whether the trial court abused its discretion in discovery matters. Ex parte Alabama Dep't of Human Resources, 719 So.2d 194 (Ala.1998).
We have recently considered whether a pharmacist is a health-care provider under the AMLA. Cackowski v. Wal-Mart Stores, Inc., 767 So.2d 319 (Ala.2000). In that case, the plaintiffs alleged that a pharmacist employed at a pharmacy operated by Wal-Mart Stores had negligently filled the plaintiffs prescription with the wrong medication. This Court wrote:
"After careful consideration, we conclude that the pharmacist who filled Mrs. Cackowski's prescription was included within the AMLA definition of "other health care provider." To hold *962 otherwise would be inconsistent with our prior decisions, particularly the decision in Tuscaloosa Orthopedic Appliance Co. v. Wyatt, [460 So.2d 156 (Ala.1984),] where neither an employment relationship nor a contractual relationship existed between the physician and the orthotist. An individual goes to a physician for treatment of a physical complaint. Upon examining the patient, the physician may determine that a course of medication is necessary to treat the patient's condition. Accordingly, the physician writes out a prescription, which the patient takes to the pharmacy of his choice to be filled. Although it is the physician who prescribes the medication, it is only a pharmacist/pharmacy that can fill the prescription, by supplying the patient with the called-for medication. See § 34-23-1(17) and (18), Ala. Code 1975. Because a pharmacist and/or a pharmacy is inextricably linked to a physician's treatment of his patients, the dispensing of drugs is an integral part of the delivery of health care services to the public. For this reason, we conclude that a pharmacist is within the definition of "other health care provider" set out in § 6-5-481(8), Ala.Code 1975."
767 So.2d at 324-25 (emphasis added).
Therefore, based on the rationale of Cackowski, we hold that Rite Aid, as the operator of a pharmacy, is included within the AMLA's definition of "other health care providers" and, therefore, is entitled to have evidence of other acts or omissions excluded, by the terms of § 6-5-551, Ala. Code 1975. Thus, we grant Rite Aid's petition for the writ of mandamus and direct Judge Greenhaw to vacate her order of July 27, 1999, directing Rite Aid to produce evidence concerning "other incidents."
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
Mrs. Deal's executors originally sued Rite Aid for incorrectly filling Mrs. Deal's prescription and thereby wrongfully causing her death. The executors then amended the complaint to add the theory that Rite Aid had negligently trained or negligently failed to train the pharmacist who filled Mrs. Deal's prescription and that this negligence had proximately caused Mrs. Deal's death. The original complaint contains the following allegations:
"20. The product information furnished to the Defendant by the manufacturer of Lopressor revealed that there have been other incidents of death where a patient was overdosed with Lopressor.
"21. Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant had a history, prior to January of 1999, of filling prescriptions incorrectly, resulting in overdosing of numerous patients."
The executors sought, and the trial court ordered, discovery of similar incidents of Rite Aid's incorrectly filling prescriptions. Rite Aid seeks a writ of mandamus directing the trial court to vacate its discovery order in this regard, and this Court grants the writ on the rationale that the plaintiffs' action against Rite Aid is governed by the Alabama Medical Liability Act under the authority of the recently decided case of Cackowski v. Wal-Mart Stores, Inc., 767 So.2d 319 (Ala.2000), and therefore that this discovery issue is governed by § 6-5-551, Ala.Code 1975.
Section 6-5-551, by its own terms, prohibits discovery or proof of any act or omission by a health-care-provider defendant that is not specifically pleaded in a plaintiff's complaint as an integral part of the plaintiff's theory of liability against the defendant. The case before us is controlled by Ex parte McCollough, 747 So.2d *963 887 (Ala.1999), which expressly required the trial court to enforce discovery of other acts or omissions by a medical provider sued on, among other theories, a theory of negligent hiring, training, or staffing:
"[T]he discovery sought by Ms. McCollough is not sought as pattern-and-practice evidence, but is sought for the sake of showing negligence, wantonness, willfulness, or breach of a contractual duty to provide adequate care by Dalraida Health Center in its hiring, training, staffing, etc., which negligence, wantonness, willfulness, or breach, the plaintiff alleges, proximately caused the death of her grandmother. The items sought would be relevant to these allegations, and much of the information in those items would be necessary to prove them. Ms. McCollough alleges that the death of her grandmother was proximately caused by the `systemic failure' of Dalraida to provide procedures to minimize the risk of harmful acts such as those that led to Ms. Loftin's death, and by understaffing, hiring unqualified persons, and failing to train, supervise, and discipline them. To prove these allegations, particularly as to wanton or willful misconduct, Ms. McCollough would have to prove facts that gave Dalraida notice or knowledge of the inadequacy of its procedures and its staffing."
747 So.2d at 890. The case now before us seems even stronger than McCollough for the plaintiffs' right to discover other acts or omissions inasmuch as the plaintiffs before us have expressly pleaded other acts or omissions in their complaint. Proper training of a pharmacist would necessarily entail teaching him or her to avoid or to recognize and to rectify mistakes; and proof of negligent or nonexistent training would properly include proof of mistakes made by the pharmacist or allowed by the system.
Even the dissent in McCollough recognizes that other acts or omissions, adequately pleaded, are both discoverable and provable:
"In actions against a health-care provider, the legislature has prohibited discovery of evidence regarding acts or omissions other than those alleged in the complaint, and it has required that the plaintiff's complaint be substantiated by `a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff.' § 6-5-551, Ala.Code 1975. The complaint here contains general allegations of wrongdoing on the part of Dalraida in connection with its screening, training, and assigning personnel, as well as its understaffing of the facility or otherwise having caused a `systemic' failure to enforce policies that minimize the risk of wrongdoing. If these allegations rose to the level of `a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff,' then the discovery at issue would be authorized by § 6-5-551."
747 So.2d at 893 (Lyons, J., dissenting). Even if the pleadings in the case before us do not meet the standard of § 6-5-551 and the dissent in McCollough, nonetheless, the majority opinion in McCollough negates any "clear legal right" in Rite Aid to a writ of mandamus requiring the trial court to vacate its order for discovery of the other acts and omissions by Rite Aid.