Malcolm Black Pepper, the defendant in an action pending in the Jefferson Circuit Court, petitions for a writ of mandamus directing the trial court to vacate its order denying his motion to compel the deposition of Dr. William Meneese, a neuropsychologist, concerning his examination of the plaintiff Betty Lee Smith. We deny the petition.
 I.
On November 6, 1995, Pepper's automobile struck the rear of Betty Lee Smith's automobile. Ms. Smith did not seek medical attention at the scene of the accident, even though paramedics were present. Later that evening, however, she went to the emergency room at Medical Center East Hospital, where she underwent X-rays and a CAT scan.
On February 26, 1996, Ms. Smith visited Dr. Matthew Berke, an orthopedic surgeon, complaining of neck and back pain and headaches she said had been caused by the accident. Dr. Berke referred Ms. Smith to Dr. Meneese, a neuropsychologist, for testing and evaluation. Dr. Meneese administered a psychological evaluation and prepared a report of his findings to give Dr. Berke. The report addressed potential psychological causes of the pain Ms. Smith claimed to be suffering. Specifically, the report discussed the fact that Ms. Smith had been a victim of physical abuse as an adult and the victim of neglect and physical, sexual, and psychological abuse as a child. The report further stated:
 "No cognitive deficits suggestive of mild brain injury were observed. Further, if deficits in memory were a result of a mild traumatic brain injury . . ., they would have been expected to have improved in the lapsed time since the accident rather than to have remained static or become progressively worse. It is my opinion that Ms. Smith's reported memory deficits and her observed attention/concentration deficits are a result of the distracting effects of pain, depression, and anxiety."
Dr. Meneese recommended that Ms. Smith see a psychiatrist for "pharmological and psychotheraputic treatment of depression and anxiety."
Ms. Smith sued Pepper for damages based on the injuries she claimed had resulted from the accident.[1] During the deposition of Dr. Berke, Pepper obtained a copy of Dr. Meneese's report. He then noticed Dr. Meneese's deposition, pursuant to Rule 30, Ala.R.Civ.P. On the day set for the deposition, Ms. Smith informed Pepper that she was invoking the psychotherapist-patient privilege, pursuant to Rule 503, Ala. R. Evid., and § 34-26-2, Ala. Code 1975. Based on Ms. Smith's assertion of this privilege, Dr. Meneese refused to testify concerning his evaluation of Ms. Smith.
On May 23, 2000, Pepper moved the trial court to compel the deposition of Dr. Meneese. Pepper argued that Dr. Meneese's *Page 342 
testimony was relevant on the question whether Ms. Smith had incurred injury as a result of the automobile accident, and, if so, the extent of it. He contended that Ms. Smith had "put her mental condition at issue through the damages she claims in this lawsuit." Pepper further argued that Ms. Smith had waived the psychotherapist-patient privilege by "never objecting to the discovery of Dr. Meneese's report and by not objecting to the deposition until one hour before it was scheduled." The trial court denied Pepper's motion to compel the deposition of Dr. Meneese. Pepper petitions this Court for a writ of mandamus directing the trial court to vacate its order denying his motion and directing it to permit him to depose Dr. Meneese.
 II.
Pepper argues that the trial court abused its discretion in denying his motion to compel the deposition of Dr. Meneese. "A petition for the writ of mandamus is the proper means for obtaining review of `whether a trial court has abused its discretion . . . in resolving discovery matters, and in issuing discovery orders.'" Ex parte Water Works Sewer Bd. of theCity of Birmingham, 723 So.2d 41, 42 (Ala. 1998) (quoting Ex parteCompass Bank, 686 So.2d 1135, 1137 (Ala. 1996)). "A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte Ridgeview Health Care Ctr.,Inc., 786 So.2d 1112, 1115 (Ala. 2000). "Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion." Ex parte Compass Bank, 686 So.2d 1135, 1137
(Ala. 1996) (citations omitted).
Rule 26(b)(1), Ala.R.Civ.P., allows "[p]arties [to] obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" and which is "reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) The word "`[p]rivileged,' as used in Rule 26(b)(1), [Ala.R.Civ.P., refers to] `"privileges" as that term is understood in the law of evidence.'" Assured Investors Life Assurance Co. v. National UnionAssocs., Inc., 362 So.2d 228, 232 (Ala. 1978) (quoting United States v.Reynolds, 345 U.S. 1, 6 (1953)). Rule 503(b), Ala. R. Evid., provides that "[a] patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of the patient's mental or emotional condition." Section 34-26-2, Ala. Code 1975, provides that "the confidential relations and communications between licensed psychologists . . . and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
 III.
We note that Ms. Smith is now willing to allow further discovery regarding Dr. Meneese's report and his conclusions regarding her memory deficits. She seeks to invoke the psychotherapist-patient privilege only as to her psychological consultation and treatment in relation to her alleged physical pain. Therefore, we limit our mandamus review to the issue whether Pepper is entitled to discovery regarding *Page 343 
Ms. Smith's psychological treatment in relation to her alleged physical pain.
Pepper argues that, under the particular facts of this case, the psychotherapist-patient privilege established under § 36-26-2, Ala. Code 1975, and Rule 503, Ala. R. Evid., does not apply to Dr. Meneese's testing and consultation. Pepper further contends that, even if we conclude that the privilege applies, Ms. Smith waived the privilege by failing to object at the deposition of Dr. Berke to questioning concerning the report and by failing to object to the fact that the report was attached as an exhibit to Dr. Berke's deposition. We do not believe Pepper has met his burden of showing "a clear legal right" to depose Dr. Meneese. Ridgeview Health Care Ctr., supra.
In support of his argument that the privilege does not apply, Pepper contends that "Dr. Meneese's report and testimony are directly material and relevant to [Ms. Smith's] claim for damages." Specifically, he argues that the report and testimony are relevant to show that he did not proximately cause Ms. Smith's injuries. He asserts that, instead, the report states that some of Ms. Smith's medical doctors believe that her claimed injuries are inconsistent with the accident and with their physical examination of her. Further, Pepper claims that Dr. Meneese's report indicates that Ms. Smith's psychological problems contribute to her alleged pain.
"The Alabama legislature placed the protection to be provided by the psychotherapist-patient privilege on the same level as the protection provided by the attorney-client privilege." Ex parte United Serv.Stations, Inc., 628 So.2d 501, 505 (Ala. 1993) (citing § 34-26-2, Ala. Code 1975). This Court has stated that "the Alabama legislature did not limit the [psychotherapist-patient] privilege with specific exceptions," 628 So.2d at 504, but that that "privilege, however, is subject to certain judicially created exceptions," Id. (citing cases in which this Court has recognized exceptions to the privilege);[2] see also Ex parte Great American Surplus Lines, Inc., 540 So.2d 1357 (Ala. 1989) (holding that the attorney-client privilege is almost absolute, being subject only to certain narrow exceptions).
Pepper cites no Alabama caselaw creating an exception to the privilege applicable when a party seeks information relevant to the issue of the proximate cause of another party's injuries. Instead, he asks this Court to create such an exception. In Ex parte United Service Stations, this Court stated:
 "The strength of the public policy on which the statutory psychotherapist-patient privilege is based has been well recognized by this Court. It follows that the privilege is not easily outweighed by competing interests.
 "`Statutes such as § 34-26-2 are intended to inspire confidence in the patient and encourage him in making a full disclosure to the physician as to his symptoms and condition, by preventing the physician from making public information that would result in humiliation, embarrassment, or disgrace to the patient, and are thus designed to promote the efficacy of the physician's advice or treatment. The exclusion of the evidence rests in the public policy and is for the general interest of the community.'
Ex parte Rudder [507 So.2d 411, 413 (Ala. 1987).] . . .
 "There is no implication in the language of § 34-26-2
that the legislature intended an exception to the privilege *Page 344 
where the issue of a party's mental condition is raised in a civil proceeding. Given the first rule of statutory construction, that where the meaning of the plain language of the statute is clear, it must be construed according to the plain language, see, e.g., King v. National Spa Pool Inst., 607 So.2d 1241, 1246 (Ala. 1992), this Court will not create such an exception. Moreover, such an exception would conflict with the public policy underlying the psychotherapist-patient privilege noted above."
628 So.2d at 504. We do not believe that Pepper's competing interest outweighs the public policy on which the psychotherapist-patient privilege is based, nor do we find any implication that the Legislature intended an exception to the psychotherapist-patient privilege to be applied where a party seeks information relevant to the issue of the proximate cause of another party's injuries. Thus, we are unwilling to adopt such an exception.
Pepper argues that Ms. Smith waived the psychotherapist-patient privilege. He states that Ms. Smith failed to object when Dr. Berke was questioned at the deposition about the report, and that Ms. Smith failed to object to the fact that the report was attached as an exhibit to Dr. Berke's deposition. However, according to Ms. Smith, the only relevant documents that were before the trial court when it ruled on Pepper's motion to compel the deposition of Dr. Meneese were (1) the motion itself, (2) Pepper's notice of filing, (3) Ms. Smith's responsive motion, and (4) excerpts from the deposition of Dr. Meneese. The materials before us give no indication that Dr. Berke's deposition was before the trial court when it ruled on Pepper's motion to compel. "On review by mandamus, we must look at only those facts that were before the trial court." Ex parte Ralston, 519 So.2d 488, 489 (Ala. 1987) (citing Exparte Baker, 459 So.2d 873 (Ala. 1984)). Thus, we need not address the merits of Pepper's argument, because no evidence before the trial court supported Pepper's contention that Ms. Smith failed to object when Dr. Berke was questioned at the deposition about the report, and no evidence indicated that Ms. Smith failed to object to the fact that the report was attached as an exhibit to Dr. Berke's deposition.
Even assuming that the trial court did consider Dr. Berke's deposition when it ruled on Pepper's motion to compel, we conclude, based on the principles stated in Ex parte United Service Stations, Inc., 628 So.2d at 504-06, that Ms. Smith did not waive her psychotherapist-patient privilege, because she did not "objectively manifest a clear intent not to rely upon the privilege." Id. at 505. In Ex parte United ServiceStations, Inc., the plaintiff, Loan Nham, filed a personal-injury action against United Service Stations, seeking damages for physical and mental injuries. Nham sought treatment from the Kirklin Clinic,[3] where a team of doctors evaluated and treated her. Id. at 503. Nham's attorney named as a witness Dr. Frank Brotherton, a psychologist on the Kirklin Clinic staff. Id. After Nham had invoked the psychotherapist-patient privilege and had canceled Brotherton's deposition, United Service Stations moved to compel discovery of Nham's complete psychological records. Id. United Service Stations argued that Nham had waived the psychotherapist-patient privilege when her attorney questioned Dr. Judy McDanal, an anesthesiologist and director of the clinic, as to the psychological aspects of pain realization. Id. at 504-05. United Service Stations *Page 345 
made an argument similar to the argument Pepper makes in this case; it argued that Nham had waived the privilege when her attorney attached Nham's then current clinic records as an exhibit to McDanal's deposition. Id. at 505. This Court held that Nham's questioning of McDanal was "insufficient to support a finding of a waiver of the psychotherapist-patient privilege." Id. It stated that while the act of attaching Nham's records as an exhibit to a deposition "waived the privilege as to any information contained in those records," it did not operate as a waiver of "the privilege in relation to later records of evaluation and treatment or in relation to [Nham's] proposed deposition of Dr. Brotherton." Id. Specifically, this Court stated that "Nham's failure to raise the [psychotherapist-patient] privilege in relation to United Service's discovery from non-psychotherapist physicians could not constitute a waiver, because the privilege was not applicable to those physicians."Id.
In this case, Pepper questioned Dr. Berke, an orthopedic physician, about Dr. Meneese's conclusions and opinions relating to Ms. Smith's psychological treatment. Given the authority of Ex parte United ServiceStations, we cannot say that Ms. Smith's failure to object to Dr. Berke's testimony regarding Dr. Meneese's report amounted to an implied waiver of the psychotherapist-patient privilege. Therefore, we conclude that Pepper has failed to meet his burden of showing "a clear legal right" to depose Dr. Meneese. Ridgeview Health Care Ctr., supra. We, therefore, deny the petition.
PETITION DENIED.
Moore, C.J., and Brown, Harwood, and Stuart, JJ., concur.
[1] Stanley A. Smith, Ms. Smith's husband, joined in the lawsuit, apparently asserting a derivative claim. However, his claim is not relevant to the issue presented to this Court.
[2] Rule 503(d), Ala. R. Evid., also contains a list of judicially created exceptions.
[3] In Ex parte United Service Stations, Inc., this clinic was referred to as the "Kirkland Clinic."