[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 837 
Western Mental Health Center, a division of the Jefferson County Board of Health (hereinafter referred to as "Western"), petitions this Court for a writ of mandamus directing Judge Dan C. King III of the Jefferson Circuit Court, Bessemer Division, to vacate his protective order requiring Western to produce any records it may have pertaining to P.H. (case no. 1011990). Western also petitions this Court for a writ of mandamus directing Judge Allwin E. Horn III of the Jefferson Circuit Court to vacate his order requiring Western to produce any records it may have pertaining to M.S. (case no. 1021481). We grant both petitions and issue the writs. *Page 838 
 Facts and Procedural History Case No. 1011990
On June 4, 2001, P.H. sued James B. Koikos, owner of The Bright Star Restaurant, Inc. (hereinafter referred to as "Bright Star"), where P.H. worked, alleging assault and battery and the tort of outrage. P.H. maintained that, as a result of Koikos's alleged conduct, she suffered physical injuries, financial hardship, and mental anguish. P.H. later amended her complaint to allege negligence and wantonness. During discovery, Koikos filed a request for the production of information regarding P.H.'s alleged mental suffering. P.H. objected to the production of the information on the grounds of the psychotherapist-patient privilege. See §§ 34-26-2 and 22-50-62, Ala. Code 1975, and Rules 503 and 503A, Ala. R. Evid. Subsequently, P.H. again amended her complaint to add Bright Star as a defendant, and to demand workers' compensation benefits.
In response to discovery concerning P.H.'s medical treatment, Koikos and Bright Star served a subpoena upon Western, a nonparty to the litigation, requesting that Western
 "produce and permit [Koikos and Bright Star] to inspect and to copy each of the following documents:
 "Your entire file, including but not limited to, all hospital records, physical therapy notes/records, office notes or x-ray reports (but no x-ray films), consultation reports, copies of correspondence to or from attorneys or other physicians or other written material contained in your file on the care and treatment of [P.H.], together with copies of [all invoices for services rendered] to said patient, showing the dates of treatment and charges made. . . ."
Western objected; it moved the trial court to quash the subpoena, or, in the alternative, to issue a protective order.[1] Koikos and Bright Star responded, arguing that because P.H. had placed her mental state at issue, they would be prejudiced if they were unable to obtain the records. On May 24, 2002, after a hearing, the trial court orally informed the parties that it intended to require production but would issue a protective order. Western filed a motion requesting that the trial court reconsider its ruling. However, on June 10, 2002, the trial court overruled Western's objections and ordered it to produce the requested records. It also entered a protective order, stipulating that only persons and entities having current or prior connections to either the records or the pending litigation would have access to the records. The order further stated that all records produced would be placed under seal and would not become part of the public record of the case. Western petitions this Court for a writ of mandamus directing the Jefferson Circuit Court, Bessemer Division, to vacate that order.
 Case No. 1021481
M.S. sued James Kevin Stewart and others as a result of injuries she sustained in an automobile accident.[2] M.S. contends that she sustained property damage, serious physical injuries, emotional anxiety and distress, other pain and suffering, and *Page 839 
ongoing medical costs as a result of Stewart's negligence or wantonness. M.S. also claimed that she was rendered permanently disabled as a result of the accident.[3] In response to discovery concerning M.S.'s injuries, Stewart served a subpoena upon Western, a nonparty to the litigation, requesting that Western
 "produce and permit [Stewart] to inspect and to copy each of the following documents:
 "Any and all records, reports, documents, x-ray reports, physician's and nurse's notes, emergency room records, bills or invoices, and any and all other written material contained in your charts or files, in your possession, or under your control, relative to the care, treatment and confinement of [M.S.]. . . .
 "Please understand that this request is for any and all records which in any way relate to [M.S.]."
Western objected, and it moved for the court to quash the subpoena. Stewart filed a response to its motion, and the trial court conducted a hearing on the matter. The trial court overruled Western's objections and ordered that it produce the requested documents. Specifically, the circuit court issued an order requiring Western to produce all records relating to M.S., "[keeping them] confidential between the parties and their attorneys"; however, this order did not "preclude the utilization of the information obtained by these records . . . as evidence in open court at hearings in this present action, or at the trial of this case." Western petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order and to quash the subpoena.
 Standard of Review "A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000)."
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001). Additionally,
 "`[a] petition for the writ of mandamus is the proper means for obtaining review of "whether a trial court has abused its discretion . . . in resolving discovery matters, and in issuing discovery orders."' Ex parte Water Works Sewer Bd. of the City of Birmingham, 723 So.2d 41, 42 (Ala. 1998) (quoting Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala. 1996)). . . . `Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.' Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala. 1996) (citations omitted)."
Ex parte Pepper, 794 So.2d 340, 342 (Ala. 2001).
 Analysis
The issue presented in both cases is whether the psychotherapist-patient privilege, codified at § 34-26-2, Ala. Code 1975, bars discovery of certain mental-health records maintained by Western. *Page 840 
 I.
In its petitions, Western argues that the records Stewart subpoenaed regarding M.S. and those Koikos and Bright Star subpoenaed regarding P.H. are privileged. We agree. "Although Alabama law does not recognize a physician-patient privilege of confidentiality, the legislature has adopted a psychotherapist-patient privilege." Ex parte United Serv.Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). The Code section adopting this privilege, § 34-26-2, Ala. Code 1975, states, in pertinent part:
 "[T]he confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."
Additionally, "[i]t is not disputed that . . . medical records, created during the psychiatrist-patient relationship, are included in the confidential relationship and are also privileged." Ex parte Rudder, 507 So.2d 411, 413 (Ala. 1987). This privilege, we have held, is strongly rooted in public policy:
 "`[A] psychiatrist must have his patient's confidence or he cannot help him. "The psychiatric patient confides more utterly than anyone else in the world. He exposes to the therapist not only what his words directly express; he lays bare his entire self, his dreams, his fantasies, his sins, and his shame. Most patients who undergo psychotherapy know that this is what will be expected of them, and that they cannot get help except on that condition. . . . It would be too much to expect them to do so if they knew that all they say — and all that the psychiatrist learns from what they say — may be revealed to the whole world from a witness stand."'
 "Taylor v. United States, 222 F.2d 398, 401
(D.C. Cir. 1955), quoting Guttmacher and Weihofen, Psychiatry and The Law (1952), p. 272."
Rudder, 507 So.2d at 413. Furthermore, the meaning of the Alabama psychotherapist-patient privilege statute is clear from the plain language of the statute itself. See United Serv.Stations, 628 So.2d at 504 (citing King v. National Spa PoolInst., 607 So.2d 1241, 1246 (Ala. 1992)).
There are five recognized exceptions to the psychotherapy-patient privilege. First, "[t]his Court has recognized an exception to the privilege where, in a child custody matter, the mental state of one of the parents is at issue and a proper resolution of child custody requires disclosure of otherwise privileged psychiatric records." UnitedServ. Stations, Inc., 628 So.2d at 504 (citing Harbin v.Harbin, 495 So.2d 72, 74 (Ala.Civ.App. 1986)). The Court has also recognized another exception where a defendant in a criminal trial raises the defense of insanity. See Salmon v. State,460 So.2d 334, 337 (Ala.Crim.App. 1984). Additionally, Alabama recognizes exceptions for communications relevant in proceedings to hospitalize a patient for mental illness, communications made during a court-ordered examination of the mental or emotional condition of a party or witness, and communications concerning a breach of duty arising out of the psychotherapist-patient relationship. Rule 503, Ala. R. Evid.
The defendants assert that the plaintiffs have waived their protection under the statute by bringing suit based on alleged mental damages; however, in the recent case of Ex parte Pepper, 794 So.2d at 343-44, this Court held: *Page 841 
 "`There is no implication in the language of § 34-26-2 that the legislature intended an exception to the privilege where the issue of a party's mental condition is raised in a civil proceeding. Given the first rule of statutory construction, that where the meaning of the plain language of the statute is clear, it must be construed according to the plain language, see, e.g., King v. National Spa Pool Inst., 607 So.2d 1241, 1246 (Ala. 1992), this Court will not create such an exception. Moreover, such an exception would conflict with the public policy underlying the psychotherapist-patient privilege noted above.'
 "628 So.2d at 504. We do not believe that [the defendant's] competing interest outweighs the public policy on which the psychotherapist-patient privilege is based, nor do we find any implication that the Legislature intended an exception to the psychotherapist-patient privilege to be applied where a party seeks information relevant to the issue of the proximate cause of another party's injuries. Thus, we are unwilling to adopt such an exception."
See also United Serv. Stations, 628 So.2d at 504. Thus, Alabama has not recognized an exception to the psychotherapist-patient privilege when, in civil actions such as this one, the plaintiff merely alleges mental anguish. See Pepper, supra; United Serv.Stations, supra.
We hold that by merely alleging mental anguish and emotional distress the plaintiffs in these cases have not waived the psychotherapist-patient privilege conferred by § 34-26-2, Ala. Code 1975. Western is asserting the psychotherapist privilege on behalf of both P.H. and M.S.[4] Because the privilege applies in these cases and has not been waived, Western is not required to produce the subpoenaed documents.
 II.
In response to Western's objection to Stewart's subpoena requesting the documents relating to M.S., Stewart at trial challenged the constitutionality of the psychotherapist-patient privilege. The trial court ruled that denying Stewart discovery of the requested records would make it impossible for Stewart to defend against M.S.'s claims, thereby depriving him of his rights under Ala. Const. 1901, Art. I, §§ 10 and 13, and U.S. Const. amend. XIV. In this mandamus proceeding, the respondent[5]
specifically argues that because emotional damages are at the center of M.S.'s claims against Stewart, Stewart is unable to properly prepare a defense to those claims without access to the subpoenaed documents.
Alabama Const. 1901, Art. I, § 10, provides "[t]hat no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party." Additionally, Ala. Const. 1901, Art. I, § 13 provides "[t]hat all courts shall be open; and that every person, for any injury done *Page 842 
him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and Justice shall be administered without sale, denial, or delay." Those sections protect the fundamental rights of due process, including the right to have access to information concerning the claims of an opposing party and the right to have a reasonable opportunity to controvert such claims. See Almon v. Morgan County,245 Ala. 241, 246, 16 So.2d 511, 515 (1944). These fundamental rights may not be abrogated by the Legislature. See Barlow v. Humana,Inc., 495 So.2d 1048, 1051 (Ala. 1986). Furthermore,
 "[t]his Court considers a challenge to the constitutionality of a statute with a presumption and intendment in favor of the statute, and it seeks `to sustain rather than strike down the enactment of a coordinate branch of the government.' However, if the statute `unreasonably invades rights guaranteed by the Constitution, we have not only the power but the duty to strike it down.' Moore v. Mobile Infirmary Ass'n, 592 So.2d 156, 159 (Ala. 1991)."
Bassett v. Newton, 658 So.2d 398, 402 (Ala. 1995).
In Ex parte Rudder, supra, the defendants in a defamation action challenged the psychotherapist-patient privilege established by § 34-26-2, Ala. Code 1975, as unconstitutional under the First Amendment of the United States Constitution. In that case, a television station had broadcast a story alleging that certain physicians were engaging in abusive prescription-drug practices, and that one of the physicians, a psychiatrist, had improperly prescribed the drug dexedrine to the local district attorney. The psychiatrist sued the television station and its investigative reporter, claiming defamation and an invasion of his right to privacy. In presenting their defense, the television station and the reporter filed a motion seeking the production of all medical records concerning the psychiatrist's treatment of the district attorney. However, the district attorney asserted the psychotherapist-patient privilege, and the psychiatrist refused to turn over the records. The trial court allowed discovery of the requested documents, ruling that they were "relevant and material to the defendants' defense of truth, [and] that the psychiatrist-patient privilege gives way to the right grounded in the First Amendment to the United States Constitution." Rudder, 507 So.2d at 412.
The psychiatrist petitioned this Court for a writ of mandamus, arguing that the trial court exceeded its discretion in ordering discovery of the privileged records. The television station and the reporter, however, argued that the psychotherapist-patient privilege should yield to the constitutional right to free expression guaranteed by the First Amendment. They argued that because the claims alleged against them were defamation claims, only access to the privileged records would allow them to present the defense of truth.
This Court held, among other things, that the television station and the reporter had failed to demonstrate that their constitutional rights would be violated if the Court allowed the district attorney to assert his privilege. Specifically, this Court noted that the defendants had
 "failed to demonstrate that they would be unduly handicapped in defending this lawsuit [without the privileged medical records]. To the contrary, representatives of [the television station] repeatedly stated that the broadcasts in issue were `backed up by facts,' that `we made clear that everything we said was factual,' and that `all the claims [made by [the television station]] were substantiated with facts.' Thus, [the] defendants have acknowledged that they have other non-privileged *Page 843 
evidence available to them to defend against [the psychiatrist's] allegations."
Rudder, 507 So.2d at 417.
In this case, the respondent argues that the mental-health records relating to M.S. Stewart seeks to discover "could potentially be at the core of" Stewart's defense. Specifically, the respondent alludes to M.S.'s deposition, in which she allegedly testified that her primary claims for damages involved "Post-Traumatic Stress Disorder and generalized anxiety." However, the respondent has failed to include a copy of the transcript of this deposition in the materials before this Court. In fact, the respondent has failed to include any evidence indicating that M.S.'s claims for damages based on mental distress are central to her case or that such claims will even be argued at trial.
When considering a petition for a writ of mandamus, this Court does not have a record of the proceedings below. Instead, the parties are required to submit the portions of the record they wish this Court to consider. See Rule 21, AlA. R.App. P. "In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an `opportunity to supplement the "record" by attaching exhibits of its own. . . .' Ex parte Miltope Corp.,522 So.2d 272, 273 (Ala. 1988)." Ex parte Fontaine Trailer Co.,854 So.2d 71, 74 (Ala. 2003). In this case, the respondent has failed to include any evidence demonstrating that mental-health records relating to M.S. held by Western are necessary to Stewart's defense in this action. Therefore, the respondent has "failed to show that any constitutional right has been violated by the retention of the privilege legislatively extended to the [plaintiff's] medical records." Rudder, 507 So.2d at 417.
 III.
Bright Star and Koikos argue that the psychotherapist-patient privilege found in § 34-26-2 violates their due-process rights to adequately defend themselves. Specifically, Bright Star and Koikos argue that without access to the requested records, they will be deprived of their due-process rights afforded under Ala. Const. 1901, Art. I, § 6,[6] and under the United States Constitution. On its face, Ala. Const. 1901, Art. I, § 6, concerns only criminal prosecutions, and Bright Star and Koikos have failed to explain how any rights they may have under Art. I, § 6, have been violated in this civil action. Similarly, Bright Star and Koikos present no evidence establishing that their fundamental due-process right to defend themselves against P.H.'s various claims will be violated if they are denied access to P.H.'s mental-health records. *Page 844 
 Conclusion
Western has shown that it has a clear legal right to the writs of mandamus it seeks. We hold that the records the trial courts ordered Western to produce are privileged and confidential and are not subject to production under the facts of these cases. Therefore, the petitions are granted and the trial courts are directed to vacate their orders compelling discovery.
PETITIONS GRANTED; WRITS ISSUED.
HOUSTON and JOHNSTONE, JJ., concur.
SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur in the result.
[1] Although Western argued that the records Koikos and Bright Star requested were privileged, it moved for the issuance of a protective order in the event that discovery of the records was permitted under an exception to the psychotherapist-patient privilege.
[2] M.S. died during the discovery phase of this case. Although the trial court indicated that M.S.'s estate was to be substituted as the plaintiff, it is unclear whether that has actually been done. Therefore, for the purposes of clarity, this Court will refer to both M.S. and her estate as "M.S."
[3] Although M.S. generally alleged in her complaint that she was permanently disabled, she did not clarify whether her disability was mental, physical, or both.
[4] We note that the psychologist may assert the psychotherapist-patient privilege on behalf of the patient.Watson v. State, 504 So.2d 339, 344 (Ala.Crim.App. 1986). P.H. has filed an answer with this Court maintaining that she agrees with the position Western has taken in its petition for the writ of mandamus. Additionally, M.S.'s estate has filed an answer with this Court asserting that it does not oppose Western's petition for the writ of mandamus.
[5] Judge Allwin Horn, circuit judge for Jefferson County, answered Western's petition for the writ of mandamus in case no. 1021481 and also filed a responding brief containing arguments supportive of the arguments Stewart made at trial.
[6] Ala. Const. 1901, Art. I, § 6, provides:
 "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law; but the legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment, and such change of venue, on application of the defendant, may be heard and determined without the personal presence of the defendant so applying therefor; provided, that at the time of the application for the change of venue, the defendant is imprisoned in jail or some legal place of confinement."