**Olga GOODWIN, Appellant,**

**v.**

**James T. CAMP, Appellee.**

**No. 07–92–0305–CV.**

Court of Appeals of Texas, Amarillo.

April 13, 1993.

Wischkaemper & Martinez, David Martinez, Lubbock, for appellant.

Nelson & Nelson, J. David Nelson, Lubbock, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant Olga Goodwin sued James T. Camp, appellee, for damages arising out of an automobile accident. Trial was to a jury. The jury found appellee negligent and awarded appellant $1,500. Dissatisfied with her award, appellant comes to this court seeking a new trial on the basis of a single point of error. We will affirm the judgment of the trial court.

As a direct result of her automobile accident with appellee, appellant sustained injuries to her neck, back and spine. Two chiropractors, Dr. Rick Housewright and Dr. Lloyd Payne, treated appellant for her injuries. They charged appellant $4,094 for their services. At trial, appellee called Dr. Allen Brian Pires, a California chiropractor who is not licensed in Texas, to testify concerning appellant's chiropractic bills. Dr. Pires testified that the majority of the charges were unreasonable and that reasonable charges for the necessary treatment of the injuries appellant sustained in the automobile accident would be $431.

In her solitary point of error, appellant claims that the trial court erred in permitting Dr. Pires to testify as a chiropractic expert because he was not licensed to practice chiropractic in Texas. We disagree.

Rule 702 of the Texas Rules of Civil Evidence states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In the present case, the amount of damages sustained by appellant due to the accident in question was most definitely a fact in issue. Expert testimony would certainly assist the jury in determining the amount of damages to which appellant was entitled. There is no question that Dr. Pires easily qualified as an expert in the field of chiropractic. At the time of trial, Dr. Pires has been a licensed doctor of chiropractic in California for nine years. He had been appointed by the State of California as an expert examiner for the State Board of Chiropractic. In 1983, Dr. Pires graduated from Los Angeles College of Chiropractic in the top ten percent of his class. He has published articles regarding the cervical spine. Dr. Pires is affiliated with the American Chiropractic Association and the International Chiropractic Association. He is a fellow of the American Board of Chiropractic Orthopedists.

Approximately ten percent of Dr. Pires' practice involves the review of chiropractic claims and billings. Dr. Pires regularly reviews charges and treatment records from the State of Texas. He has become familiar with the reasonable range of chiropractic charges in the West Texas and South Plains area by virtue of his subscriptions to certain surveys detailing the average rates charged by chiropractors in the area. It can hardly be maintained that Dr. Pires does not qualify as an expert in the field of chiropractic.

Appellant argues that even though Dr. Pires is an expert, he is precluded from testifying in a Texas court as a chiropractic expert because he is not a licensed Texas chiropractor. For authority appellant cites the Court to the following excerpt from Vernon's Ann.Civ.Stat. article 4512(b):

A person shall be regarded as practicing chiropractic within the meaning of this Act if the person: (1) uses objective or subjective means to analyze, examine, or evaluate the biomechanical conditions of the spine and musculoskeletal system of the human body;

Appellant interprets this language to mean that the practice of chiropractic medicine includes the giving of expert testimony concerning chiropractic procedures. The legislative intent of art. 4512(b) according to appellant is "to prevent out-of-state unlicensed chiropractors from evaluating medical records of Texas licensed chiropractors." Appellant cites no legislative or judicial authority for this position. Yet, she does raise certain policy arguments which she believes support the exclusion of testimony from chiropractors not licensed in Texas.

We do not conclude from our reading of art. 4512(b) that the legislature intended to require chiropractors to be licensed in Texas as a prerequisite to their giving expert testimony. Appellant's policy argument if carried to the extreme would permit the State of Texas to require that any expert witness, whose field of expertise is subject to licensing in Texas, secure a Texas license as an additional requirement to offering expert testimony. This position is clearly contrary to the recent trend to dismantle artificial barriers to expert medical testimony.

Relevant case law supports the trial court's decision to allow Dr. Pires' testimony. In *Hart v. Van Zandt*, 399 S.W.2d 791, 798 (Tex.1965), the supreme court found that a trial court erred in excluding the deposition testimony of a Pennsylvania medical doctor. In *Lee v. Andrews*, 545 S.W.2d 238, 245 (Tex.Civ.App.—Amarillo 1976, writ dism'd), this court held that a New York pathologist was competent to testify against a Texas family practitioner. Chief Justice Ellis declared:

The fact that [Dr.] McCarthy was from New York does not disqualify him from testifying. *Hart v. Van Zandt*, 399 S.W.2d 791 (Tex.1965). Under *Hart*, a doctor from another state is competent to testify in Texas proceedings.

*Lee v. Andrews*, 545 S.W.2d at 245. *See also Johnson v. Hermann Hosp.*, 659 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) ("Doctors are no longer required to be from the same city, state, or school of practice in order to testify so long as they are equally familiar with the subject of inquiry...."); Darrell L. Keith, *Medical Expert Testimony in Texas Medical Malpractice Cases*, 43 Baylor L.Rev. 1, 9 (1991).

On the strength of the foregoing authorities, we conclude that the trial court did not abuse its discretion in allowing Dr. Pires to testify as a chiropractic expert. Appellant's point of error is overruled and the judgment of the trial court is affirmed.