The trial court entered a judgment of divorce in June 1997, divorcing Rebecca Ann Mitchell ("the wife") and Johnny Mitchell, Jr. ("the husband"). The judgment, among other things, ordered the husband to pay $500 per month in periodic alimony and awarded him supervised visitation with the parties' minor child. On June 8, 2000, the husband moved to terminate his alimony obligation, alleging that the "former wife is cohabitating and living openly with a member of the opposite sex." The wife filed an answer, several amended answers, and counterclaims; the "third amendment to answer and counterclaim for contempt" alleged that the husband was in direct and willful violation of the trial court's order regarding supervised visitation. The wife sought a finding of contempt against the husband and sought an attorney fee.
After conducting an ore tenus proceeding, the trial court, on July 18, 2001, entered an order, stating, in part:
 "1. That the [wife] is remarried and by agreement of the parties, alimony is due to be terminated at the date of [the wife's] remarriage.
". . . .
 "1. That the defendant shall pay $645.45 per month for the support and maintenance of the minor child of the parties. . . .
". . . .
 "3. That the [husband] shall have the right to visit with and have said minor *Page 757 
[child] visit with him unsupervised as follows:
 "a. Every other Friday from 6 PM until Sunday at 6 PM.
 "b. Thanksgiving on odd numbered years beginning Wednesday at 6 PM until Sunday at 6 PM.
 "c. Christmas each year beginning on Christmas Day at 1 PM and for a week thereafter.
 "[R]egardless of visitation as set forth hereinabove, each year the [husband] shall have the child on Father's Day and the [wife] shall have the child on Mother's Day."
The husband moved to clarify the trial court's order regarding the visitation schedule and the award of child support. On August 10, 2001, the court entered an amended order, stating, in part, that the husband "shall, in addition to the visitation set forth, have the right to have said minor child visit with him for three (3) weeks during the summer." The wife moved for a new trial; the trial court denied the wife's motion as untimely filed.
The wife appeals, arguing that the trial court abused its discretion in failing to consider the expert testimony of "a psychologist in a modification of custody and visitation" case because the psychologist was not licensed to practice in Alabama. Although the wife states in her appeal that this case involved a custody modification, we find no evidence in the record to support that conclusion. It appears that the proceeding involved a modification of the divorce judgment regarding the husband's alimony obligation and a revised schedule of visitation with the minor child.
After reviewing the scant record in this case, we conclude that the dispositive issue presented on appeal is whether the trial court improperly denied the expert testimony of Dr. Sher Schwartz, a psychologist licensed in Georgia, because she was not licensed to practice in Alabama. We note that the only portion of the transcript submitted to this court is the dialogue among trial counsel, Dr. Schwartz, and the court regarding her licensure and qualifications. The following colloquy occurred:
 "[Counsel for the husband]: Is she licensed in this state?
"[Dr. Schwartz]: No, I'm not licensed in Alabama.
 "[Counsel for the husband]: At this time I would move to exclude any and all testimony. Her not being licensed to practice —
 "The court: If she is not licensed to practice in Alabama, I'm not going to be allowed to admit her.
 "[Counsel for the wife]: Her testimony of having seen the child?
 "The court: No, sir, not as an expert if she is not licensed in this state.
"[Counsel for the wife]: Okay. Thank you, Dr. Schwartz.
"[Dr. Schwartz]: Okay. Thank you.
 "[Counsel for the wife]: Your Honor — hold on just a second, Dr. Schwartz.
"Is that as to her opinions as an expert?
"The court: Yes, sir.
 "[Counsel for the wife]: All right. We would ask for her to testify as to other things other than her opinions.
"The court: Well, anything else would be hearsay, so.
 "[Counsel for the wife]: Well, her observations she can testify to as long as she doesn't render an opinion.
 "[Counsel for the husband]: It would all be a question of privilege here, your Honor.
 "The court: Well, I think — I'm trying to figure out how a nonexpert can testify. *Page 758 
 "[Counsel for the wife]: That's all we have. We're not going —
 "The court: Yeah. I believe you're treading on thin ice along that once — and it's not that I'm saying you're not an expert, please ma'am. Please understand. But you're not licensed in Alabama.
"[Dr. Schwartz]: I understand what you're saying.
 "The court: I think we need to exclude any testimony she has unless — well, I'm not even going to make any exception to this, to that. All right. Thank you, ma'am.
"[Counsel for the wife]: Thank you, Dr. Schwartz."
The question we must answer is whether a psychologist, licensed in another state, may be prohibited from testifying as an expert witness solely on the grounds that she is not licensed in Alabama.
Rule 702, Ala. R. Evid., provides:
 "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."
"`[W]hether a witness is qualified to testify as an expert on a particular subject is largely within the discretion of the trial court, and that court's judgment on that question will not be disturbed absent an abuse of discretion.'" Knapp v. Wilkins, 786 So.2d 457, 461 (Ala. 2000), quoting Brown v. Lawrence, 632 So.2d 462, 464 (Ala. 1994).
The husband argues in his brief that he objected to Dr. Schwartz's testimony because practicing psychology in Alabama without a license is a crime, pursuant to § 34-26-42. While he is correct that practicing
psychology without a license is a misdemeanor offense, there is no evidence that Dr. Schwartz was practicing psychology in Alabama. She is licensed in Georgia and has an office in Columbus, Georgia. At the time the child was seeing Dr. Schwartz, the mother and the child lived in Phenix City, Alabama, which is located on the Alabama state line, adjacent to Columbus, Georgia.
Section 34-26-1(b)(1) provides:
 "A person practices as a `psychologist' within the meaning of this chapter when he or she holds himself or herself out to be a psychologist or renders to individuals or to the public for remuneration any service involving the application of recognized principles, methods, and procedures of the science and profession of psychology, such as interviewing or administering and interpreting tests of mental abilities, aptitudes, interests, and personality characteristics for such purposes as psychological evaluation or for such purposes as overall personality appraisal or classification, or treatment. The practice of psychologists specifically includes the use of projective assessment techniques, the diagnosis of mental disorders, and psychotherapy."
We do not conclude from our reading of § 34-26-1 that the Legislature intended that psychologists be licensed in Alabama as a prerequisite to their giving expert testimony. Rather, we believe the intent of the Legislature in adopting § 34-26-1 and § 34-26-42
— punishing those who practice without a license — is to prevent unqualified persons from performing the functions of a psychologist within this State. Nothing in § 34-26-1 would lead one to conclude that testifying is a function of practicing psychology. Furthermore, if we carried the husband's argument to the extreme, any expert witness whose field of expertise is subject to licensing in Alabama would have to obtain an Alabama license *Page 759 
before offering expert testimony.[1] See Goodwin v. Camp, 852 S.W.2d 698
(Tex.App. 1993) (out-of-state chiropractor who was not licensed in Texas could testify, and his testimony did not constitute the practice of chiropractic medicine, which required a Texas license). Cf. Coe v.State, 17 S.W.3d 193 (Tenn. 2000) (out-of-state psychologist's performance of forensic evaluation and testimony in connection with proceeding to determine death-row inmate's competency to be executed did not constitute the practice of psychology so as to require a temporary license under Tennessee law).
The trial court erred in not admitting the testimony of Dr. Schwartz solely on the ground that she was not licensed in Alabama. If the husband had wanted to exclude Dr. Schwartz's testimony on the grounds that she was not qualified to testify as an expert, then he should have presented testimony that she lacked the requisite training in psychology to be qualified to testify.[2] See R.D. v. State, 706 So.2d 770
(Ala.Crim.App. 1997) (doctor was permitted to testify where her experience as well as her training qualified her as an expert on sexual abuse). We note that if the husband objected to Dr. Schwartz's testimony because he disagreed with her opinion based on her examination of the child, such an objection would go to the weight of Dr. Schwartz's testimony, not its admissibility.
The husband argues in his brief to this court that neither he nor the wife waived the confidential privilege between the child and the psychologist. Although both parties state in their briefs that allegations of sexual inappropriateness and violent behavior were at issue, we cannot determine from the record the nature of Dr. Schwartz's testimony. If the issue of the mental state of a party to a child custody suit is clearly in controversy, a proper resolution of that issue requires disclosure of privileged communications, then the psychologist-patient privilege must yield. Rule 503(d)(5), Ala. R. Evid.; In re Van Goyt, 461 So.2d 821
(Ala.Civ.App. 1984). The children's mental state may also be at issue in a custody case. Woodham v. Woodham, 539 So.2d 293 (Ala.Civ.App. 1988) (psychologist, hired by the father, examined the children and testified as to their mental state where the mother claimed the children were having psychological problems as a result from being separated from her). Although the present case involved visitation, a party's mental state may be at issue in determining whether visitation is appropriate. E.W. v.Montgomery County Dep't of Human Res., 602 So.2d 428 (Ala.Civ.App. 1992) (trial court did not abuse its discretion in denying supervised visitation with the father where there was evidence of sexual abuse). We note that the burden of proving a privileged communication is upon the party asserting the privilege. Ex parte Rudder, 507 So.2d 411 (Ala. 1987).
Based on the foregoing, we reverse the judgment of the trial court and we remand the case for further proceedings.
REVERSED AND REMANDED.
Thompson and Pittman, JJ., concur.
Crawley and Murdock, JJ., concur in the result.
[1] Under the Alabama Medical Liability Act, an out-of-state "similarly situated health care provider" is permitted to testify. § 6-5-548, Ala. Code 1975.
[2] We note that Georgia's requirements for practicing psychology are similar to Alabama's requirements. § 33-24-27, and § 43-39-8, Ga. Code, Ann. *Page 760