PITTMAN, Judge.
Dr. Barbara Johnson, a clinical psychologist, has petitioned this court for a writ of mandamus directing the Shelby Circuit Court to vacate an order denying Johnson’s motion to quash a subpoena calling for Johnson to produce records relating to Johnson’s evaluation and treatment of T.C., a minor child (“the child”), and to enter an order quashing the subpoena.[1] We grant the petition and issue the writ.
After Johnson filed her petition, this court invited the respondents to file answers, but they declined that invitation. Thus, we will take the averments in Johnson’s petition as true. See Ex parte Turner, 840 So.2d 132, 134 (Ala.2002).
V.C.R. (“the former wife”) and B.C. (“the former husband”) are the parents of the child and were divorced approximately five years ago. The details of the custody arrangement that was implemented when the parties divorced are not clear from the materials before us, but it appears that, in October 2015, the former wife filed a mandamus petition requesting a modification of custody. Johnson suggests in her petition that there have been allegations of child abuse or neglect levied against the former husband.
The former husband issued a third-party subpoena to Johnson, who has provided psychotherapy for the child since August 2013, directing Johnson to provide copies of records relating to Johnson’s treatment of the child. Johnson filed a motion to quash the subpoena, asserting the psychotherapist-patient privilege on behalf of the child. The trial court denied Johnson’s motion and directed her to produce the records.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).”
Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). Although appellate courts typically will not review discovery *657 orders by way of a mandamus petition, an exception applies when a privilege has been disregarded. Ex parte T.O., 898 So.2d 706, 710 (Ala.2004).
Our legislature has adopted the following psychotherapist-patient privilege:
“[TJhe confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.”
Ala. Code 1975, § 34-26-2. The Alabama Rules of Evidence also recognize such a privilege. See Rule 503, Ala. R. Evid.
Although Johnson has discussed the child’s condition with the former wife and the former husband, she avers that the child, not the former wife or the former husband, is her patient. Thus, the privilege belongs to the child and only he may waive it. T.O., 898 So.2d at 711. Johnson avers in her petition that the child has not waived the privilege.[2]
Rule 503(d)(5), Ala. R. Evid., recognizes an exception to the psychotherapist-patient privilege in child-custody cases:
“There is no privilege under this rule for relevant communications offered in a child custody case in which the mental state of a party is clearly an issue and a proper resolution of the custody question requires disclosure.”
As Johnson points out, Rule 503(d)(5) expressly provides that the exception in custody cases applies only when “the mental state of a party is clearly an issue.” (Emphasis added.) This court’s precedent indicates that a child is not considered to be a party to a custody-modification action. Jones v. McCoy, 150 So.3d 1074, 1081 (Ala.Civ.App.2013).[3] The Advisory Committee’s Notes to Rule 503 also suggest that the exception is intended to apply when the mental state of the person seeking custody, not the mental state of the child who is the subject of the custody dispute, is at issue:
“It is arguable that any person seeking custody has thereby placed his or her mental or emotional condition at issue. Accordingly, this rule continues Alabama’s preexisting, judicially created, exception to the psychotherapist-patient privilege. See Harbin v. Harbin, 495 So.2d 72 (Ala.Civ.App.1986) (holding that the psychologist-patient privilege yields when the mental state of a party to a custody case is clearly in controversy); Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984) (psychologist-patient privilege inapplicable to protect medical records of litigant in child custody case),”
In noting that the rationale for the exception is based on the idea that the person seeking custody has placed his or her own mental state at issue, the Advisory Committee’s Notes also tend to refute any suggestion that the child’s records should be disclosed because they may be relevant to the mental state of the former wife or the former husband, i.e., the parties to the *658 custody action.. . In any event, the former wife and the former husband declined to submit. answers to Johnson’s mandamus petition, and it has not been demonstrated that the child’s psychotherapy records would shed light on the mental state of either of them.[4]
We agree- with Johnson that the trial court improperly denied Johnson’s motion to quash the former husband’s subpoena calling for the production of the child’s psychotherapy records. Thus, we grant Johnson’s petition and issue the writ of mandamus,
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

. Although it appears that the subpoena also referenced the treatment records of a second child, Johnson does not address that particular child in her petition.

. Johnson is entitled to assert the privilege on behalf of the child. See Ex parte Western Mental Health Ctr., 884 So.2d 835, 841 n. 4 (Ala.2003) ("[T]he psychologist may assert the psychotherapist-patient privilege on behalf of the patient.”).

. Although language in Mitchell v. Mitchell, 830 So.2d 755 (Ala.Civ.App.2002), could be read to suggest that the exception recognized by Rule 503(d)(5) might call for the disclosure of a child’s psychotherapy records when the child’s mental state is at issue in a custody case, that language is not necessary to the holding in. Mitchell and is, therefore, dicta.

. We also note that there has been no argument that other concerns, separate and,apart from the above-discussed exception to the psychotherapist-patient privilege, such as constitutional Considerations, outweigh the child’s right to maintain the privilege. See generally Ex parte Rudder, 507 So.2d 411 (Ala.1987) (discussing the competing .interests of the psychiatrist-patient privilege and allowing liberal discovery in civil matters).