## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Roberta M. Tribby

v.

Robert A. Tribby et al.

February 27, 1992

Case No. C-91–98

BY JUDGE WILLIAM H. LEDBETTER, JR.

This suit raises questions about the enforcement of a judgment lien against jointly-owned real estate that was the subject of a property settlement agreement and divorce decree.

### Facts

Mr. and Mrs. Tribby, formerly husband and wife, entered into a property settlement agreement on June 1, 1989. By the terms of that agreement, Mr. Tribby's interest in the jointly-owned marital residence was to be transferred to Mrs. Tribby. Mr. Tribby was to furnish a deed to Mrs. Tribby within fifteen days of the date of the agreement, transferring his interest in the property to her as her "sole and separate equitable estate."

The parties' divorce decree, entered on July 18, 1989, affirmed and incorporated the property settlement agreement, pursuant to Virginia Code § 20–109.1.

Mrs. Tribby has occupied the house since the separation. She has made the payments on the deed of trust and treated the property as her own. However, Mr. Tribby never conveyed his interest to her.

On May 31, 1991, the National Bank of Fredericksburg obtained and docketed a judgment against Mr. Tribby. The Bank contends that its judgment lien extends to Mr. Tribby's interest in the house.

## Pleadings

Mrs. Tribby filed this bill of complaint to compel specific performance of the property settlement agreement — particularly, the provision relating to the conveyance of Mr. Tribby's interest in the residence. In addition, she asks that she be awarded judgment against Mr. Tribby on account of a judgment lien against the property in favor of the Commonwealth of Virginia, suffered by Mr. Tribby on July 29, 1985. She also seeks a determination that the Bank's 1991 judgment against Mr. Tribby does not constitute a lien against the property; or, if it does, that she be awarded judgment against Mr. Tribby in an amount equal to amount of the judgment lien. Finally, she requests an award of attorney's fees and costs, as provided in the property settlement agreement.

Mr. Tribby was served with the bill on November 26, 1991, but has filed no responsive pleading. The Bank has filed a demurrer and a motion for summary judgment, contending that its judgment lien extends to Mr. Tribby's interest in this property as a matter of law, notwithstanding the property settlement agreement and the divorce decree.

The Court heard arguments on the Bank's motion on February 18, 1992. The facts were stipulated as recited above. The matter was taken under advisement.

Also on February 18, 1992, Mrs. Tribby moved for a decree pro confesso against Mr. Tribby. Mr. Tribby was given notice of the motion. The decree, which awards judgment to Mrs. Tribby on account of the Commonwealth's judgment lien against the property, was signed on February 26, 1992. That aspect of the case does not concern the Bank or the present controversy.

## Decision

While Mr. and Mrs. Tribby were husband and wife, they owned the home as tenants by the entirety. As such, the property was immune from claims of the husband's creditors. The divorce extinguished one of the unities prerequisite to a tenancy by the entirety and, consequently, converted that co-tenancy to a joint tenancy with right of survivorship. As such, the undivided interest of each co-tenant was then susceptible to claims of creditors of that co-tenant.

The Tribbys were divorced on July 18, 1989. From that date, Mr. Tribby's interest in the home was accessible to his individual credi-

tors. The Bank docketed a judgment against Mr. Tribby on May 31, 1991. The docketed judgment attached to Mr. Tribby's interest in the property on that date.

Mrs. Tribby does not disagree with the facts or principles recited above. She argues that Mr. Tribby had no interest in the property on May 31, 1991, to which the Bank's lien could attach. He had obligated himself to convey his interest to her, and that obligation had been judicially recognized in a divorce decree.

As a general rule, a docketed judgment constitutes a general lien upon all of the debtor's real estate. However, the lien attaches only to what the debtor owns — i.e., the actual interest of the judgment debtor in the land. *See* 11A M.J., *Judgments and Decrees* § 61 and §§ 63–69.

The recording acts cut across these well-recognized principles. Virginia Code §§ 55–96 provides that deeds to real estate and contracts to sell real estate are void as to lien creditors except from the time such instrument is recorded in the county or city where the property lies. As a result, the interest of a judgment debtor may be determined from the land records and not necessarily from instruments that are unrecorded.

Here, Mrs. Tribby contends that the doctrine of equitable conversion transformed Mr. Tribby's interest in the property to a mere equitable interest on the date the property settlement agreement was made, or at least fifteen days thereafter. This contention is correct in some contexts, but it has no effect on Mr. Tribby's judgment creditors. The terms of the property settlement agreement under consideration constitute a contract "made in respect to real estate . . . or made for the conveyance or sale of real estate" under Virginia Code § 11–1; and, as such, were void as against Mr. Tribby's judgment creditors under Section 55–96.

The fact that the property settlement agreement was affirmed by the divorce court and incorporated by reference in the final decree adds nothing to the equation. Incorporation does nothing more than allow the court to enforce the contract through its contempt powers pursuant to Virginia Code § 20–109.1. *Parra v. Parra*, 1 Va. App. 118 (1985). It has no effect on the agreement's validity vis-a-vis third parties.

Therefore, the Court is of the opinion that the Bank's judgment lien constitutes a lien upon Mr. Tribby's interest in the subject prop-

erty notwithstanding Mr. Tribby's 1989 promise, never fulfilled and never recorded, to convey his interest to Mrs. Tribby. Accordingly, the Bank's motion for summary judgment will be granted. Mrs. Tribby may now proceed to seek such further relief against Mr. Tribby as prayed for in the bill.