# CIRCUIT COURT OF THE CITY OF ROANOKE

Ross C. Hart,
Substitute Trustee

v.

E. C. Pace, Jr., et al.

August 16, 1999

Case No. CH98-464

BY JUDGE ROBERT P. DOHERTY, JR.

Husband and wife obtained a final divorce decree dated June 16, 1980, which incorporated by reference their post-nuptial agreement. The Post-Nuptial Agreement gave the wife a one-half undivided interest in the real estate which had been previously owned by fee simple solely by the husband. On April 20, 1987, without having executed or recorded a deed conveying the wife's one-half undivided interest in the land to her, husband conveyed the land to trustees under a deed of trust to secure a loan to him in the amount of $100,000.00. That deed of trust was recorded in the clerk's office of the Circuit Court of the City of Roanoke on August 5, 1987. Two judgments were thereafter rendered against husband and recorded; the first one, in the amount of $15,727.62, was dated March 3, 1988. The second judgment was in the amount of $21,892.50 and was dated August 31, 1995. Wife recorded her 1980 final divorce decree and post-nuptial agreement on February 23, 1996. In 1998, the trustee under the deed of trust commenced foreclosure proceedings, and the wife, by counsel, notified the trustee of her interest in the real estate. Trustee thereafter filed a Petition for Aid and Direction, asking the Court to determine the validity, priority, and interest of each party in the real estate.

Wife argues that the case of *Barnes v. American Fertilizer Co.*, 144 Va. 692 (1925), controls and that her equitable interest in the real estate, being prior in time to the deed of trust and the judgments, has priority. The

noteholder secured by the deed of trust argues that *Barnes* only applies to judgment creditors and that he, therefore, has the greater claim as he recorded his interest before any of the others. The judgment creditors argue that the divorce court did not have authority to transfer real estate in 1980, and therefore, wife's claim is void against creditors because of the specific language of the recording statutes.

The common law as set forth in *Barnes* and in *Van Nostrand & Co. v. Virginia Zinc and Chem. Corp.*, 126 Va. 131, 139 (1919), is, as argued by the wife, that a "judgment creditor can acquire no better right to the estate than the debtor himself has when the judgment is rendered. He takes it subject to every liability under which the debtor held it, and subject to all the equities which exist at the time in favor of third persons ... ." This means that even the wife's unrecorded equitable interest had priority over a judgment creditor at common law. That rule of law, as well as the wife's theory as to why she should have priority over the recorded deed of trust, have been superseded by the dictates of the legislature when it enacted the current recording statutes. They are §§ 11-1, 55-95, and 55-96, Code of Virginia (1950), as amended. When they are read in conjunction with § 20-107.3, the divorce statute authorizing courts to transfer interests in jointly held real estate, the answers to the priority questions become clear. See *Tribby v. Tribby*, 26 Va. Cir. 372 (1992), and *Phillips v. Chandler*, 215 Bankr. 684 (1997).

In Virginia, the priority for liens and conveyances depend upon a race to the courthouse. The person recording an interest in real estate first, absent a fraud of some sort, has priority over all those who record later. Here, husband was the sole fee simple record owner of the land when he transferred it in the 1987 deed of trust to secure his $100,000.00 debt. At the moment of recordation, that deed of trust evidenced a priority lien against the real estate over all other claimants. Thereafter, the first judgment became a lien against the real estate in 1988, subject only to the recorded deed of trust. In 1995, the second judgment became a lien against the real estate, subject to the prior claim of the deed of trust and of the first judgment lien. When the wife recorded her final divorce decree and post-nuptial agreement in 1996, the conveyance to her and recordation of the same was completed. By virtue of the provisions of § 20-107.3 and the recording statutes, only at that time did she become vested with a one-half undivided interest in the land, subject to the prior claim of the deed of trust and the two judgment liens.