Present: Hassell, C.J., Keenan, Kinser, Lemons, Agee, and
Goodwyn, JJ., and Carrico, S.J.

DAVID DUTY
                                        OPINION BY
v.  Record No. 071542        SENIOR JUSTICE HARRY L. CARRICO
                                     June 6, 2008
MARGARET J. DUTY

            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                      Michael L. Moore, Judge

     This litigation was commenced when Margaret J. Duty filed in

the trial court a bill of complaint against David Duty, praying

for a determination of the rightful owner of a parcel of land in

Russell County containing 0.521 acres.[1]  In a final order, the

trial court determined that Margaret Duty was the lawful owner of

the property.  We awarded David Duty this appeal.

     The case was heard upon an "Agreed Written Statement of

Facts," which shows that Margaret Duty received a deed to the

0.521-acre tract from W. B. Gray and America Virginia Gray

dated May 16, 1973.  The deed recited a consideration of

$1,000.00 and was recorded September 13, 1973.  The deed

described the property as follows:

> BEGINNING at a point in the middle of Little Cedar Creek,
> corner to Maggie Duty lands; thence leaving said Creek, and
> with the line of Maggie Duty, in a northwesterly direction
> 101 feet to the center of Secondary Rt. 658; thence with the
> center of said road as it meanders in a southwesterly
> direction approximately 514 feet to a point where said
> secondary road intersects with U.S. Route 19; thence with the
> northern boundary line of U.S. Route 19 in an easterly

---

[1] Although the parties bear the same surname, the record does
not disclose the nature of their relationship, if any.

direction to the center of said Little Cedar Creek; thence with the center of said Creek as it meanders in a northeasterly direction to the BEGINNING corner, containing 0.521 acres, more or less.

The deed contained no recitation concerning derivation of title. Attorneys in a law firm in which the daughter of Margaret Duty was a paralegal conducted a search of the Russell County land records and were unable to determine the source of title to the Grays, Margaret Duty's grantors.

To establish the source of David Duty's title, his counsel introduced an exhibit entitled "David Wayne Duty Chain of Title," beginning with a deed dated November 30, 1938, and recorded December 1, 1938, from W. H. Fogleman, single, to Grace Garrett conveying, in consideration of the sum of $50.00, a one-acre tract of land described as follows:

BEGINNING at a planted stone a corner to the lands of Arthur McReynolds and the School House lot, thence in a northeastern direction with said Arthur McReynolds' line to the new State highway leading from Lebanon to Hansonville; thence along the southwestern side of said new State Highway to a stake at the new bridge across Little Cedar Creek, thence a straight line in a southwestern direction to the old State highway leading from Lebanon to Hansonville, thence in a northwestern direction along the north eastern side of said old State highway to a water gate across said creek, and a corner to the school house lot, thence in a north eastern direction with said school house lot line to the south eastern corner of the same; thence in a north western direction and with said school house lot line to the point of beginning, and containing one (1) acre, more or less, but is sold by the boundary and not by the acre.

This deed, like Margaret Duty's deed from the Grays, did not recite any derivation of title.

2

The next deed in David Duty's "Chain of Title" is dated February 4, 1975, and recorded February 5, 1975, some seventeen months after recordation of Margaret Duty's deed from the Grays. In the 1975 deed, Grace Litton, widow, formerly Grace Garrett,[2] in consideration of the sum of $500.00, conveyed a 0.521-acre parcel to Bonnie Lou Gibson. The deed described the parcel with the same description that was used in the deed conveying the 0.521 parcel from the Grays to Margaret Duty but did not recite any derivation of title.

The final entry in David Duty's "Chain of Title" was a deed to him from Bonnie Lou Gibson dated October 4, 2004, and recorded the same date, conveying a 0.521-acre tract of land in consideration of "the love and affection which the party of the first part has for the party of the second part." The deed used the same description for the 0.521-acre parcel as was used in the deeds from the Grays to Margaret Duty and from Grace Litton to Bonnie Lou Gibson and recited that it was "the same property conveyed unto Bonnie Lou Gibson . . . by deed dated February 4, 1975, which said deed is of record in the Russell County Circuit Court Clerk's Office."

---

[2] A list of heirs of W. H. Fogleman, deceased, was attached to David Duty's "Chain of Title" showing Gracie Garrett Litton as Fogleman's niece.

After entry of the final order finding Margaret Duty to be the lawful owner of the property at issue, David Duty filed a motion to vacate the order.  The trial court denied the motion.

On appeal, David Duty argues that the trial court erred in finding that Margaret Duty was the valid titleholder of the land in dispute.  Citing Hulvey v. Hulvey, 92 Va. 182, 23 S.E. 233 (1895), David Duty maintains that because the Grays' deed to Margaret Duty did not identify their source of title, they held no title and could not convey any title to her.

David Duty argues further that, under Code § 55-105, "[a] purchaser shall not . . . be affected by the record of a deed or contract made by a person under whom his title is not derived." In this case, David Duty concludes, his predecessor-in-title, Bonnie Lou Gibson, was a bona fide purchaser for value without notice and her title to the 0.521-acre tract was unaffected by the Gray-to-Margaret Duty deed because it was not in Bonnie Lou Gibson's chain of title.

The trial court, however, made a finding to which David Duty has not assigned error.  The court found David Duty had acknowledged he knew "in the 1980s" that Margaret Duty had a deed to the property, such knowledge coming, of course, prior to the recording in 2004 of David Duty's deed to the property. Generally, "a purchaser with notice from a purchaser without notice takes a good title."  Guss v. Sydney Realty Corp., 204 Va.

4

65, 72, 129 S.E.2d 43, 49 (1963) (internal quotation marks omitted).  But, for this rule to apply, a purchaser with notice from a purchaser without notice must be a purchaser for value.  See Richardson v. AMRESCO Residential Mortgage Corp., 267 Va. 43, 51, 592 S.E.2d 65, 70 (2004) (citing Guss, 204 Va. at 72, 129 S.E.2d at 49).  Here, David Duty's notice of Margaret Duty's deed, coupled with the fact he is not a purchaser for value, having acquired his deed as a gift, refutes his entitlement to stand in the shoes of Bonnie Lou Gibson, his purported predecessor-in-title and purchaser-for-value without notice.  See Richardson, 267 Va. at 52, 592 S.E.2d at 70.

A further difficulty with David Duty's argument was pointed out by the trial court in its final order.  After setting out the description of the 0.521-acre tract, the court held "[t]here was insufficient evidence to establish the source of the above described land to either [Margaret Duty's] deed or the predecessor in title to [David Duty's] deed."  To establish the source of title to Bonnie Lou Gibson, David Duty's predecessor-in-title, David Duty relies on the 1938 deed from W. H. Fogleman to Grace Garrett, which, like the 1973 Gray-to-Margaret Duty deed, did not identify the grantor's source of title.

Finally, the trial court found that David Duty had not established that the property described in the 1975 deed from Grace Litton to Bonnie Lou Gibson was the same property described

5

in the 1938 deed from W. H. Fogleman to Grace Garrett, later Grace Litton.  The trial court found further that David Duty had not provided any proof that the land referenced in the 1938 deed had been partitioned into separate plots, nor had he provided any explanation of the disparity in the size of the parcels described in the 1938 and 1975 deeds.

David Duty argues that the trial court placed the burden of proof on the wrong party; it was not his duty to establish the fact that the property described in the 1938 and 1975 deeds was identical or that the land described in the 1938 deed had not been partitioned; it was Margaret Duty's burden to prove these matters.

We cannot find that the trial court made any ruling on the burden of proof issue or that David Duty objected to the ruling if it was made.  Be that as it may, David Duty introduced the 1938 deed into evidence; in doing so, he vouched for its contents and its authenticity; and he cannot complain that it may have been used to the benefit of his adversary.  See Seaboard Airline Ry. v. Chamblin, 108 Va. 42, 50, 60 S.E. 727, 730 (1908).

In any event, David Duty states he argued in the trial court that the property described in the two deeds was identical because he showed that both deeds referred to the same natural and artificial monuments, i.e., "Little Cedar Creek" and "new State Highway" or "U.S. Route 19."  However, the trial court's response to David Duty's argument was a finding that "some of the landmarks

referenced in the 1938 deed and all subsequent deeds were the same because the land described in the 19[38] deed was located on opposite sides of what is referred to as 'Little Cedar Creek'[] to the subject property thus sharing some landmarks." (Emphasis added.) David Duty does not even mention this finding, let alone challenge it, and it stands as an undisputed holding that the property described in the 1975 deed from Grace Litton to Bonnie Lou Gibson was different property from the property described in the 1938 deed from W. H. Fogleman to Grace Garrett, later Grace Litton.[3]

Ultimately, the trial court expressed the view that Code § 55-96(A)(1) makes Virginia a "race notice" state. Accordingly, in its final order, after holding that the evidence was insufficient to establish the source of title of the disputed parcel to either Margaret Duty's deed or the predecessor-in-title

---

[3] In the trial court, counsel for David Duty introduced an exhibit which he represented during oral argument before this Court as being "a plat to the property" that refers to natural and artificial monuments, i.e., "Little Cedar Creek" and "new State Highway (U.S. Route 19)," that were also referred to in the several deeds in issue. However, the plat, which is undated and uncertified, does not show a 0.521-acre parcel or a one-acre parcel but a tract of 0.31 acre without any indication of its owner. The plat does show Little Cedar Creek bordering one side of the 0.31-acre tract but there is no "new State Highway (U.S. Route 19)" shown anywhere on the plat. When questioned about the discrepancies during oral argument, David Duty's counsel stated he could not "explain anything about that plat, it was just a plat." We cannot explain it either and have not given it any consideration.

to David Duty's deed, the trial court held that, because Margaret Duty "was the first to record her deed with the Clerk's Office of the Circuit Court of Russell County," she "is the valid title holder of the above described land in dispute by nature of the priority of her deed and shall have clear and free title from Defendant, David Duty."

Finding no error, we will affirm the judgment of the trial court.

Affirmed.