## CIRCUIT COURT OF FAIRFAX COUNTY

Yousef Shehadeh
and Denise Shehadeh

   v.

Fountains at McLean
Condominium Unit
Owners' Assn. et al.

June 1, 2009

Case No. CL 2008-13077

BY JUDGE RANDY I. BELLOWS

On May 15, 2009, the parties came before the Court for a hearing on Bank of America's Demurrer. At that hearing, the Court dismissed the count for quiet title against Bank of America as settled. The Court took Bank of America's Demurrer as to Count III of the Complaint, titled Breach of Warranty Against Bank of America, under advisement. Having further reviewed Bank of America's Demurrer and Plaintiff's Response to Bank of America's Demurrer and having considered the arguments of the parties made at the May 15, 2009, hearing, the Court sustains Bank of America's Demurrer as to Count III of the Complaint with prejudice.

*Background*

According to the Complaint, Defendant, Robert J. Hart, acquired by deed a condominium unit and two parking spaces on July 17, 2003. He immediately conveyed the deed to Samuel I. White, as trustee for Mortgage Electronic Registration Systems, Inc. ("MERS"). (Compl. ¶¶ 9, 11.) The legal description of the property in both Hart's deed and the deed of trust conveyed to White described both the condominium unit and the parking spaces.

(Compl. ¶¶ 9, 16.) On July 21, 2003, the deed conveying the property to Hart was recorded in the land records of Fairfax County, Virginia, as was the deed of trust to Samuel I. White. (Compl. ¶¶ 10, 12.) On May 24, 2005, Hart conveyed a deed of trust in the property to Bank of America. (Compl. Ex. E.)

The Complaint, further, alleges that on December 11, 2007, "Hart and [Defendant,] The Fountains at McLean Condominium [("the Fountains"),] negligently or fraudulently" conveyed one of the two parking spaces to Defendant, Soon-Won Pak, and the other parking space to Defendant, Mark P. Schwartz. (Compl. ¶¶ 22-23.) The Complaint alleges that Pak and Schwartz had constructive notice of the fact that Hart had previously conveyed the parking spaces to MERS by virtue of the recordation of the deed of trust. (Compl. ¶¶ 12-23.)

On March 24, 2008, "MERS foreclosed on the property and conveyed the property" to Bank of America through a Trustee's Deed. The Trustee's Deed was recorded on April 2, 2008. (Compl. ¶ 25.) On August 19, 2008, Bank of America conveyed the property to the Plaintiffs, Yousef Shehadeh and Denise Shehadeh ("the Shehadehs"), by special warranty deed. (Compl. ¶ 27.) After the Shehadehs purchased the property, the Fountains, Pak, and Schwartz, asserted that neither Bank of America nor the Shehadehs owned the right to use the parking spaces. (Compl. ¶ 28.)

Count III of the Complaint asserts a cause of action for Breach of Warranty against Bank of America. This count states that the Shehadehs, who acquired a special warranty deed to the property, have been deprived of their enjoyment of the parking spaces. (Compl. ¶¶ 39-40.) Further, the Fountains asserts that Bank of America did not own the parking spaces. (Compl. ¶ 41.) Therefore, the Shehadehs have been harmed because they cannot enjoy the benefit of their contract with Bank of America. (Compl. ¶ 42.)

As the basis for their Demurrer to Count III, Bank of America asserts that, in a special warranty deed, the grantor only warrants "that the Grantor is conveying the same interests the Grantor acquired in the property; and that the Grantor will defend against any title matters that are attributable to the time period in which the Grantor owned the property." (Mem. Sup. Bank of America's Demurrer 4.) Bank of America argues that it conveyed to the Shehadehs the precise interest that it acquired and the alleged cloud on the title arose prior to Bank of America taking possession to the property. Therefore, because Bank of America did nothing to cloud the title to the property, its demurrer should be sustained. *Id.*

In opposition to Bank of America's demurrer, the Shehadehs argue that, because the Fountains do not agree that Bank of America owned the parking spaces, should the Shehadehs not succeed in quieting title, they will not be

able to use the parking spaces. (Pl. Resp. Bank of America's Demurrer 2-3.) While the Shehadehs concede that Bank of America only warranted the property it acquired, the deed asserts that it conveys the right to use the parking spaces. *Id.* at 3. If Bank of America failed to deliver the parking spaces, it breached its contract and its warranty in the deed. *Id.*

## Analysis

The Court must begin by defining the scope of the analysis to follow. The only issue presently before the Court is whether the Shehadehs sufficiently pleaded the cause of action named in Count III of the Complaint. Count III of the Complaint pleads a cause of action for breach of warranty. The Shehadehs raise the issue of a breach of contract in their opposition to Bank of America's demurrer. They suggest that Bank of America may have breached its contract to the Shehadehs if Bank of America did not own the parking spaces described in the deed conveying the property to the Shehadehs. However, because Count III of the Complaint only makes out a cause of action for breach of warranty, the Court cannot consider the whether the Shehadehs may have a cause of action against Bank of America for breach of contract.

As to the breach of warranty claim, the Complaint alleges that Bank of America conveyed the property to the Shehadehs through a special warranty deed. Virginia Code § 55-69 defines a special warranty deed as:

> A covenant by any such grantor "that he will warrant specially the property hereby conveyed" shall have the same effect as if the grantor has covenanted that he, his heirs and personal representatives will forever warrant and defend such property unto the grantee, his heirs, personal representatives, and assigns against the claims and demands of the grantor, and all persons claiming or to claim by, through, or under him.

Va. Code Ann. § 55-69 (2007). Therefore, Bank of America could only breach its warranty to the Shehadehs if the claim against the Shehadehs title to the parking spaces was made by a person "claiming . . . by, through, or under" Bank of America.

Pak, Schwartz, and the Fountains in no way derive their claims to the property from Bank of America, as no relationship between these parties is alleged in the Complaint. Instead, Pak, Schwartz, and the Fountains derive their claim through Hart, who conveyed his interest in the parking spaces to Pak, Schwartz, and the Fountains, after he had already conveyed his interest in

the parking spaces to Bank of America. Regardless of whether the Fountains is correct in asserting that Bank of America was not the rightful owner of the parking spaces, the claims against the spaces are not made by "persons claiming . . . by, through, or under" the Bank of America. Therefore, the demurrer must be sustained with prejudice.