## CIRCUIT COURT OF FAIRFAX COUNTY

Yousef Shehadeh et al.

v.

Fountains at McLean
Condominium Unit
Owners' Assn. et al.

June 24, 2009

Case No. CL-2008-13077

BY JUDGE BRUCE D. WHITE

There are two matters before the Court: Plaintiffs' action to quiet title, which seeks to have this Court quiet title to two parking spaces conveyed pursuant to the terms of a 2008 condominium purchase agreement, and Defendants' motion for sanctions. On June 10, 2009, the Court heard oral argument.

The Court has fully considered the pleadings, briefs, and oral arguments of counsel. For the reasons set forth below, Plaintiffs' request to quiet title is granted and Defendants' motion for sanctions is denied.

### I. *Background*

The Plaintiffs in this action are Yousef and Denise Shehadeh. The Defendants in this lawsuit are Mark P. Schwartz and Soon-Won Pak. The Fountains at McLean Condominium Unit Owners Association ("the Association") was initially a named defendant. On June 9, 2009, the claims against the Association were dismissed. The Association remained a "nominal" party in the case, with the right, but not the obligation, to participate in any hearing on the merits if it wished to do so.

All parties stipulated to the following facts. On July 17, 2003, condominium unit 1517-301 was conveyed by Fountains at McLean, L.L.C., to Robert J. Hart. The deed of conveyance encompassed condominium unit 1517-301 and "the limited common elements appurtenant thereto, including limited common element parking space(s) No. O-333 and O-332 established by condominium instruments recorded on August 2, 2002, among the land records of Fairfax County." (Stip. ¶ 1.)

Immediately thereafter, Hart conveyed the property to Samuel L. White, P.C. ("White") as trustee for benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary. (Stip. ¶ 3.) The deed of trust described the conveyed property as "Condominium Unit No. 1517-301, The Fountains at McLean Condominium, and the limited common elements thereto, including limited common element parking space(s) O-333 and O-332, established by condominium instruments recorded on June 9, 2003, among the land records of Fairfax County." (Ex. B at 13.)

Both Hart's deed and the deed of trust were recorded on July 23, 2003. (Stip. ¶¶ 2, 4.) The deed of trust states that White holds legal title only to those interests granted by Hart in the deed of trust. (Stip. ¶ 5.) Once the deed of trust was properly recorded, the public had constructive notice of its recordation and its contents. (Stip. ¶ 8.) As of the date of recordation, White was the legal title holder to condominium unit 1517-301. (Stip. ¶ 7.) Defendants do not concede that the deed of trust conveyed, as a matter of law, the two limited common element parking spaces ("parking spaces"). (Stip. ¶ 3.) Defendants deny that White received legal title or any rights to the parking spaces. (Stip. ¶ 7.)

On September 8, 2003, by an amendment to the Declaration of Condominium, the Fountains at McLean, L.L.C., re-designated parking spaces O-333 and O-332 as S-333 and S-332. (Stip. ¶ 6.) The recitals to the amendment state "The declarant has assigned certain common element parking spaces as limited common elements in the individual deeds to certain condominium units. . . . The declarant wishes to confirm the assignment made by deed . . . and amend the condominium instruments to assign such common elements as limited common element parking spaces for the exclusive use of the unit owners to whose condominium unit such parking spaces are assigned as hereinafter provided." (Ex. C at 1, ¶¶ R-5, R-6.) The amendment reassigned the parking spaces re-designated as S-333 and S-332 to condominium unit 1517-301. (Ex. C at 11.) The amendment was recorded on September 22, 2003. (Ex. C.)

On December 11, 2007, over four years after the deed of trust conveying unit 1517-301 and parking spaces S-333 and S-332 to White was recorded, Hart and the Association executed an "Amendment to the

Condominium Instruments for the Fountains at McLean Condominium Reassigning Limited Common Element Parking Spaces" with each Defendant. (Ex. D, E.) These amendments purported to detach parking spaces S-333 and S-332 from condominium unit 1517-301 and reassign them as appurtenant to the Defendants' units. The first amendment reassigned parking space S-333 to condominium unit 1524-311 and the second reassigned parking space S-332 to condominium unit 1523-201. Both instruments were recorded on December 20, 2007; as of this date, the public had constructive notice of the contents and recordation of both instruments. (Stip. ¶¶ 10, 11.)

The deed of trust was foreclosed on in January of 2008 by Professional Foreclosure Corporation of Virginia as a substitute trustee for White. (Ex. G.) Professional Foreclosure Corporation of Virginia then conveyed its interest in the acquired property to Bank of America by Trustee's Deed dated March 24, 2008. This deed was recorded on April 2, 2008. (Stip. ¶ 13.) On August 16, 2008, Plaintiffs entered into a sales contract to purchase the foreclosed property from Bank of America, and on August 19, 2008, Plaintiffs consummated the sale. (Stip. ¶¶ 14-15.)

After Plaintiffs purchased the property, they discovered that Defendants claimed a superior interest in the disputed parking spaces. (Stip. ¶ 16.) Plaintiffs filed suit against the Association, Bank of America, Hart, Schwartz, and Pak. The counts in the initial Complaint were I) Quiet Title against All Defendants; (II) Mandamus against the Fountains at McLean Condominium; (III) Breach of Warranty against Bank of America; (IV) Common Law Civil Conspiracy as to Hart, the Fountains at McLean, Mr. Schwartz, and Ms. Pak; (V) Fraud; and (VI) Constructive Fraud as to Hart, the Fountains at McLean, Mr. Schwartz, and Ms. Pak.

Schwartz and Pak filed demurrers to Counts I, IV, V, and VI. Additionally, they requested that the Court impose sanctions against Plaintiffs for filing Counts IV, V, and VI. By the Court's Order of April 17, 2008, the demurrer to Count I was overruled, and the demurrers to Counts IV, V, and VI were sustained with leave to amend. Plaintiffs chose not to amend those counts, and the counts were dismissed. The request for sanctions was deferred.

By an Agreed Order entered on May 15, 2009, Count I against Bank of America was dismissed. By order of this Court, on June 1, 2009, Bank of America's demurrer to Count III was sustained with prejudice [78 Va. Cir. 357]. On June 9, 2009, the Association's demurrer to Count II was sustained. On June 10, 2009, only two issues remained before this Court, Count I against Schwartz and Pak and Defendants' request for sanctions.

## II. *Summary of the Arguments*

### A. *Quiet Title*

Plaintiffs argue that the parking spaces appurtenant to condominium unit 1517-301 were conveyed by the deed of trust to White. They claim that this interpretation is supported by the deed of trust's description of the property being conveyed, which reads "Condominium Unit No. 1517-301, The Fountains at McLean Condominium, and the limited common elements thereto, including limited common element parking space(s) 0-333 and 0-332, established by condominium instruments recorded on June 9, 2003, among the land records of Fairfax County." (Ex. B at 13.)

Plaintiffs argue that this conveyance was valid, because the exclusive use of the parking spaces was the personal property of Hart and thus could be used as collateral for a deed of trust. Plaintiffs assert that, if the use of the parking spaces is not personal property, then a right of use could not have been sold or assigned to Defendants. Because the parking spaces could be used as collateral in a deed of trust, they were conveyed to White by the deed of trust recorded July 21, 2003.

Plaintiffs claim that, after the deed of trust was recorded, Hart retained only his right to use the parking spaces subject to the deed of trust. As a result, this right of use, subject to the deed of trust, was all that Hart could transfer, assign, or convey to Defendants. Plaintiffs argue that, when property subject to a deed of trust is purchased, the deed of trust operates to give the trustee priority over the purchaser. Thus, Plaintiffs assert, the trustee has the superior claim, and any subsequent purchasers have an inferior claim against the trustee. Additionally, Plaintiffs argue that, because White recorded his deed first, prior to Defendants' recordation of the amended parking space assignments, White's deed of trust takes priority.

Plaintiffs argue that, once the deed of trust was filed among the land records on July 21, 2003, the public had constructive notice that the condominium unit and the parking spaces were subject to the deed of trust. Plaintiffs argue that Defendants acted at their own peril by purchasing the right to use the parking spaces without first conducting a title search. Plaintiffs claim that, if Defendants had conducted a title search, they would have been aware of the fact that parking spaces could only be purchased subject to White's deed of trust. They claim that, when the valid deed of trust was foreclosed on, the foreclosure extinguished any rights that were later transferred to Defendants.

Defendants argue, first, that the conveyance of the parking spaces in the deed of trust was invalid. They argue that Hart was not in a position to convey more than he owned in the deed of trust and, while he owned the unit, he did not own the parking spaces. The Association owns all limited common elements, including the parking spaces, and can assign or reassign them at their discretion. Thus, Defendants claim that, while Hart could convey the unit in the deed of trust, he could not convey the limited common elements.

Second, Defendants argue, the parking spaces were only appurtenant to condominium unit 1517-301, unless and until they were detached from that unit in accordance with Virginia Code § 55-79.57. Defendants claim that the amendments to the condominium instruments signed by Hart, Defendants, and the Association (Ex. D, E) followed the procedure outlined in Va. Code § 55-79.57. They state that these amendments became effective when recorded, before the foreclosure occurred. Therefore, Defendants argue, the parking spaces had been reassigned to their units and could not be foreclosed on under the deed of trust because they were no longer appurtenant to the conveyed unit.

## B. *Sanctions*

Defendants also argue that the Court should impose sanctions on Plaintiffs because the allegations of conspiracy to defraud, fraud, and constructive fraud contained in the original Complaint were "absurd." Defendants call attention to the fact that the assignment of the parking spaces to Defendants occurred eight months before Plaintiffs purchased condominium unit 1517-301. They claim that any allegations that the assignments were conducted in such a manner and in concert with others so as to intentionally prejudice the Plaintiffs' future claims to the parking spaces are indefensible. They argue that the disputed counts were without any factual basis and were not warranted by existing law. Defendants argue that these counts were filed with the sole purpose of intimidating Defendants. Therefore, Defendants argue, they are entitled to sanctions, in the form of attorney's fees, pursuant to Va. Code § 8.01-271.1.

Plaintiffs respond, first, that Defendants are not entitled to sanctions under § 8.01-271.1 because the civil conspiracy, fraud, and constructive fraud counts were well grounded in fact and warranted by existing law. Plaintiffs highlight the fact that this Court's Order of April 17, 2009, dismissed the conspiracy, fraud, and constructive fraud claims without prejudice. Plaintiffs argue that this ruling demonstrates that, while the counts may not have been sufficiently pleaded, the Court did not believe they were baseless. Second,

Plaintiffs argue that there is no evidence that the charges were interposed for an improper purpose. Both Schwartz and Mr. Laufer, counsel for Defendants Schwartz and Pak, admitted 'on cross-examination that they had no evidence that the Complaint was prepared in bad faith. Third, Plaintiffs claim that, even if sanctions are appropriate, there is no evidence about the expenses incurred by Defendants in responding to these counts.

### III. *Discussion*

"Limited Common Elements" are defined in the Code as "those common elements which are agreed upon by all of the co-owners to be reserved for the use of a certain number of apartments to the exclusion of the other apartments." Va. Code Ann. § 55-79.2 (2008). In order for the Court to determine which parties are entitled to use the limited common elements, the parking spaces, at issue, the Court must determine (1) whether the parking spaces could be conveyed in a deed of trust and (2) the effect of the deed of trust on Defendants' claim to the parking spaces. For the purposes of Defendants' motion for sanctions, the Court must also determine whether the fraud-related claims were interposed for an improper purpose.

A. *Whether the Parking Spaces or Use Thereof Could Be Conveyed in the Deed of Trust*

As a matter of first impression in Virginia, this Court must determine whether the parking spaces or the right to use the parking spaces could be conveyed by Hart to White in the deed of trust. Hart's deed conveyed to him the unit and the parking spaces appurtenant thereto. Thus, initially, Hart was conveyed the exclusive right to use those limited common elements. The property conveyed in the deed of trust was described exactly as it was described in Hart's deed, including the reference to the parking spaces. Furthermore, the deed of trust states that "all easements, appurtenances, and fixtures now or hereafter a part of the property" are being conveyed in addition to the unit. While Defendants are correct in stating that Hart did not have the necessary title to convey the parking spaces in fee simple, he could convey the right to use the parking spaces in the deed of trust. The Association's position supports this conclusion, as does persuasive authority. *See* 15A Am. Jur. 2d, *Condominiums and Cooperative Apartments*, § 30 (2009) (stating "limited common elements become appurtenant to a unit and are conveyed with that unit").

Furthermore, it is clear that the Association did not need to approve any transfer of the right to use the parking spaces so long as that right was being transferred appurtenant to the designated unit. The Association's involvement is only required when limited common elements designated for the use of one unit are going to be re-designated for the use of a different unit. Va. Code Ann. § 55-79.57(B) (2008).

Hart had the exclusive right to use the parking spaces, and he conveyed that right to White through the deed of trust along with the unit to which the parking spaces were attached. This conveyance did not require the Association's approval. Thus, the right to use the limited common elements was legitimately transferred to White by the deed of trust. When the deed of trust was recorded, the public had constructive notice of its existence and its provisions, including "the right of the holder of the lien to foreclose upon default in the payment of the debt." *Chavis v. Gibbs*, 198 Va. 379, 381-82 (1956). This right encompassed the right to foreclose on the use of the limited common elements.

B. *The Effect of the Deed of Trust on Defendant's Claim to the Parking Spaces*

In 2007, when Hart assigned to Defendants the right to use S-333 and S-332, he could only transfer to Defendants the interest he possessed in the parking spaces, namely, the right to use the parking spaces subject to foreclosure, in the event that Hart defaulted in the payment of his debt. *Van Nostrand & Co. v. Virginia Zinc & Chem. Corp.*, 126 Va. 131, 139 (1919). Defendants purchased the right to use the parking spaces at their own risk, and they only retained that right up to and until it was foreclosed on under the deed of trust. As a matter of law, in the absence of fraud, the first to record an interest in real estate has priority over all those who subsequently record. *See* Va. Code Ann. § 55-96(A)(1) (2008); *Duty v. Duty*, 276 Va. 298, 304 (2008) (finding no error in the trial court's conclusion that Virginia is a "race notice" state and, consequently, the first to record a deed is the valid title holder of the land); *Jones v. Myrick's Ex'rs*, 49 Va. (8 Gratt.) 179, 194 (1851) ("the deed of trust first recorded . . . is the first to 'take effect' and become 'valid' as to the creditors"); *Hart v. Pace*, 49 Va. Cir. 434, 435 (1999) ("In Virginia, the priority for liens and conveyances depend upon a race to the courthouse. The person recording an interest in real estate first, absent fraud of some sort, has priority over all those who record later."). Had Hart discharged his debt, each defendant would have possessed the exclusive right to use the parking spaces. However, until Hart's debt was discharged, Defendants' claims to the parking spaces were inferior to White's claim. Given that White had the superior claim

to use of the parking spaces when the deed of trust was foreclosed on, Defendants' rights to the parking spaces were likewise foreclosed on and extinguished.

As of the date of foreclosure, Defendants were divested of their interest in the parking spaces, and Professional Foreclosure Corporation of Virginia acquired the exclusive right to the use of the parking spaces. Since Professional Foreclosure Corporation of Virginia sold this right in its entirety to Bank of America and Bank of America then sold the right to Plaintiffs, Plaintiffs possess the exclusive right to the use of the parking spaces.

## C. *Whether Fraud-Related Claims Were Interposed for Improper Reasons*

The Court has the authority to impose sanctions on parties and their counsel if a pleading is not well grounded in fact, is not warranted by existing law, or is interposed for an improper reason. Va. Code Ann. § 8.01-271.1 (2008). Sanctions are not warranted if the Court determines that a party and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact, warranted by existing law, and interposed for a proper purpose. *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 66 (2001). The Court must apply an objective standard of reasonableness. *Id.*

In this case, it is alleged that the fraud-related claims were interposed for improper reasons. The only evidence presented to the Court in support of this allegation was Mr. Laufer's argument that the claims could not have been interposed for proper reasons, given that, in his opinion, the claims were not remotely well grounded in fact and they were not warranted by existing law. The opinion of counsel is not sufficient to prove that it was objectively unreasonable for Plaintiffs to assert these claims. Furthermore, the Court's Order of April 17, 2009, dismissing the fraud-related claims did so without prejudice. This indicates that, while the counts were not sufficiently pleaded, the Court did not find them to be devoid of a foundation in fact or law. No factual or legal basis for the award of attorney's fees has been proven.

## IV. *Conclusion*

This Court finds that Plaintiffs have the exclusive right to the use of parking spaces S-333 and S-332. Therefore, this Court grants Plaintiffs action to quiet title. Defendants are ordered to cease any and all use of the above specified parking spaces.

This Court has considered Defendants' request for sanctions but declines to award fees.